564 So.2d 36 (1990)
Robert E. YOUNG
v.
HURON SMITH OIL COMPANY, INC.
No. 89-CA-95.
Supreme Court of Mississippi.
June 20, 1990.
R.M.P. Short, Short & Vandyke, Sardis, for appellant.
Colmon S. Mitchell, Smith Phillips & Mitchell, Batesville, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the Court:

I.
Today's appeal asks that we construe provisions of our Rules of Civil Procedure regarding the time within which a defendant must raise the defense of insufficiency of service of process. On the present record defendant was a pleading too late and in consequence waived the defense. We affirm.

*37 II.
Huron Smith Oil Company, Inc. is a Mississippi corporation having its principal place of business in Batesville, Mississippi. Huron Smith is in the business of the sale and distribution of gasoline, diesel fuel and other petroleum products. Huron Smith was the plaintiff below and is the appellee here.
Robert E. Young is an adult resident citizen of the State of Tennessee, residing at 4372 Burgen Drive, Cordova, Tennessee. Young is the dominant figure in Sam's of Arkansas, Inc., a corporation having its principal place of business in West Memphis, Arkansas. Sam's operates affiliates and/or subsidiaries known as Mid-Continent Truck Stops, Inc., Nos. 1 and 2 in West Memphis, Arkansas, and James Mill Truck Plaza in Marion, Arkansas. Young was the defendant below and is the appellant here.
On December 23, 1987, Young executed and delivered unto Huron Smith an Individual Guaranty Agreement. This was a part of a continuing business arrangement wherein Huron Smith agreed to make regular credit sales to Sam's and its affiliated and subsidiary organizations of gasoline, diesel fuel and other petroleum products. Without equivocation, Young personally guaranteed payment of all obligations Sam's or any of its subsidiaries or affiliates may have or incur in favor of Huron Smith.
Pursuant to this arrangement, Huron Smith made credit sales to Sam's, through and including June 21, 1988, by which time Sam's indebtedness to Huron Smith substantially exceeded $430,000. Sam's was and remains unable to pay.
On July 15, 1988, Huron Smith commenced this civil action by filing its complaint in the Circuit Court of the Second Judicial District of Panola County, Mississippi, naming Robert E. Young as defendant. Huron Smith attached to its complaint a full statement of its account with Sam's of Arkansas, Inc., and as well, the Individual Guaranty Agreement Young had executed and demanded judgment against Young in the sum of $434,666.28 plus attorneys' fees and costs.
Huron Smith initially attempted service of process upon Young at his residence in Cordova, Tennessee, employing certified mail as authorized by Rule 4(c)(5), Miss.R. Civ.P. Process was returned marked "Unclaimed."
On August 9, 1988, Huron Smith requested new process to issue for Young and this time demanded personal service of process upon Young in Panola County, Mississippi, and on that date Huron Smith's attorney, in fact, served Young with process.
On September 8, 1988, Young moved for additional time within which to plead and this request was granted. On September 29, 1988, Young answered, admitting that he executed the Individual Guaranty Agreement but denying Huron Smith's statement of account for lack of "knowledge or information sufficient to form a belief as to the truth of the averments relating to the statement of account." Significantly, Young's answer made no mention of any problem with the process Huron Smith had served.
On October 14, 1988, Huron Smith moved for summary judgment against Young, reiterating the documentation attached to the complaint and providing further a supporting affidavit of its vice president who charged that he was personally familiar with the accounts of Sam's of Arkansas, Inc. and its affiliates owed to Huron Smith and that Sam's owes the amount alleged.
On November 18, 1988, Young retaliated and moved the court for entry of an order dismissing the complaint on grounds of insufficiency of service of process within Rule 12(b)(5), Miss.R.Civ.P. Young, a resident of Tennessee, charged that Huron Smith had "brought [him] within the reach of this court's jurisdiction wrongfully, fraudulently and by deceit." Explaining further, Young asserted that he had been induced to come to Panola County for the purpose of discussing the account with Huron Smith and had been served with process at that time.
In due course the Circuit Court heard all pending matters and on November 28, 1988, entered its order denying Young's *38 motion to dismiss and granting Huron Smith's motion for summary judgment in the sum of $434,666.28 plus accrued interest and reasonable attorneys' fees and costs. Thereafter, the court heard the matter of Huron Smith's prayer for attorneys' fees and on December 15, 1988, assessed attorneys' fees against Young in the amount of $7,500 plus legal expenses in the sum of $71.25.
Young now appeals to this Court.

III.
Not insignificantly, Young makes no challenge on the merits of this case, nor to the fact that the Court proceeded against him on the Individual Guaranty Agreement via summary judgment. We have examined the matter with care, by reason of the size of the personal judgment entered against Young, and find that Huron Smith has dotted every "i" and crossed every "t" and is, in fact, entitled to summary judgment in the sum entered, subject to the matters noted below.
Young's principal attack is that Huron Smith obtained process upon him fraudulently. The factual predicate for his claim begins several days prior to August 7, 1988, when Young telephoned Donald Smith, vice president of Huron Smith, to set up a meeting to discuss possible settlement of Young's exposure on the guaranty agreement. Young proposed to assign a lease contract with a promissory note. Smith responded that he would talk to his lawyer and get back with Young. Smith called back later, and he and Young arranged to meet at Smith's home in Batesville on August 7, 1988. Young and a business associate, Larry Morris, drove to Batesville and met with Smith and Huron Smith's attorney. It will be recalled that on August 7, 1988, Huron Smith had requested that the Circuit Clerk issue new process for Young to be personally served within Panola County. In any event, the meeting lasted approximately two hours with the result that the parties were not able to agree on a settlement. Huron Smith's attorney then stepped forward and served Young with process. See Rules 4(c)(1) and (d)(1)(A), Miss.R.Civ.P.
Young charges Huron Smith with setting up the meeting in Batesville as a pretext for luring him into the jurisdiction so that he could be personally served with process. He states that at least since 1936, the rule in the state of Mississippi has been that a court will not take jurisdiction based on a service of process on a defendant brought within its reach by fraud or deceit. Nicholson v. Gulf, M. & N.R. Co., 177 Miss. 844, 172 So. 306 (1937); McClellan v. Rowell, 232 Miss. 561, 99 So.2d 653 (1958). The general rule followed by most jurisdictions is that process served when one has entered a jurisdiction under the pretext of negotiation is invalid. Toof v. Foley, 87 Iowa 8, 54 N.W. 59 (1893); Lingo v. Reichenbach Land Co., 225 Iowa 112, 279 N.W. 121 (1938); 98 A.L.R.2d 551, 576. A party may raise such a point via a motion to dismiss for insufficiency of service of process. Rule 12(b)(5), Miss.R.Civ.P. See Public Employees' Retirement System of Mississippi v. Dillon, 538 So.2d 327, 328 fn.1 (Miss. 1988).
The question, however, is whether Young has timely asserted the point. More specifically, our question is whether, by failing to charge insufficiency of service of process in his answer and by failing to obtain leave of the court to amend his answer to so charge, Young has waived the point. This issue is controlled by the Mississippi Rules of Civil Procedure, particularly, the interaction between Rules 12(a), 12(b), 12(g) and 12(h)(1). Rule 12(a) provides, in pertinent part, that "A defendant shall serve his answer within thirty days after the service of the summons and complaint upon him... ." Rule 12(b) requires:
[e]very defense, in law or fact, to claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except the following defenses may at the option of the pleader be made by motion: ...
(2) Lack of jurisdiction over the person, ...

*39 (5) Insufficiency of service of process... .
Rule 12(g) then provides:
Consolidation of Defenses in Motion.
A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted... .
The corollary of Rule 12(g) is Rule 12(h)(1) which provides as follows:
A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by a motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.
(emphasis added).
In the context of other defenses falling within Rule 12(h)(1), we have consistently held that failure to assert the defense in an answer, motion or other pre-responsive pleading is a waiver that will be enforced. Queen v. Queen, 551 So.2d 197, 200-01 (Miss. 1989) (due process right to requirement of in personam jurisdiction waivable); Lowery v. Will of Smith, 543 So.2d 1155, 1158-59 (Miss. 1989) (proper venue waivable); Carpenter v. Allen, 540 So.2d 1334, 1337 (Miss. 1989) (in personam jurisdiction waivable); H & W Transfer and Cartage Service, Inc. v. Griffin, 511 So.2d 895, 901-02 (Miss. 1987) (venue waived where entry of default judgment upheld); Brown v. Brown, 493 So.2d 961, 963 (Miss. 1986) (filing of three pleadings while failing to raise issue of in personam jurisdiction was waiver of defense); Belk v. State Department of Public Welfare, 473 So.2d 447, 450-51 (Miss. 1985) (failure to timely raise defense of improper venue constituted waiver).
In the case sub judice, Young filed his answer on September 29, 1988. That answer makes no mention of any defense on the grounds of insufficiency of service of process or lack of in personam jurisdiction. Only in response to Huron Smith's summary judgment motion did Young finally raise his defense of insufficiency of service of process. This was not until November 18, 1988. Rules 12(g) and (h)(1) applied to these facts mandated denial of Young's motion to dismiss, and the Circuit Court acted accordingly, and correctly so.
Beyond these dispositional considerations, Young's point has a distinct lack of appeal. Without question, he made a contract with a Mississippi domiciliary to be performed in whole or in part in this state. Indeed, the Individual Guaranty expressly recites that
[t]his Agreement is expressly entered into in part in the State of Mississippi, with a resident of the State of Mississippi, to be performed in part in the State of Mississippi, and the parties expressly agree that the laws of the State of Mississippi shall govern the interpretation of this Agreement, and venue for any litigation arising out of this Agreement shall be in the State of Mississippi.
The facts established beyond peradventure Young's amenability to personal jurisdiction in Mississippi. Miss. Code Ann. § 13-3-57 (Supp. 1989); First Miss. Nat. Bank v. S & K Enterprises, 460 So.2d 839, 841-43 (Miss. 1984); Shackelford v. Central Bank of Miss., 354 So.2d 253 (Miss. 1978) (loan guaranty agreement); Miller v. Glendale Equip. & Supply, Inc., 344 So.2d 736, 737-39 (Miss. 1977). Nothing in the record reflects why the original process by certified mail was returned "unclaimed." We do note, however, that Young initiated the contact leading to the August 7 meeting, suggesting to our minds that he was well aware of his abilities and expressed a desire to achieve a settlement.

IV.
Young next challenges that portion of the judgment below which represents the award of attorneys' fees in favor of Huron Smith and against him in the *40 amount of $7,500. The evidence reflected that Huron Smith's counsel spent approximately 29 hours on the matter and that his customary hourly rate for legal services was $100.
As in other contexts, and absent contract to the contrary, the award and quantum of attorneys' fees is a matter committed to the sound discretion of the trial judge. Carter v. Clegg, 557 So.2d 1187, 1192 (Miss. 1990). The award must be supported by credible evidence, however, and may not be plucked out of the air. Carter, 557 So.2d at 1192-93. We do indeed have cases where this Court has allowed attorneys' fees in the amount of one-third of the indebtedness, but those were matters fully contested through trial by jury. See Shackelford v. Central Bank of Mississippi, 354 So.2d 253 (Miss. 1978); Jack Cole-Dixie Highway Co. v. Red Ball Motor Freight, 254 So.2d 734 (Miss. 1971).
Huron Smith obtained judgment against Young without contest of the merits beyond the filing of an answer. Under these circumstances, the Carter v. Clegg approach appears sound. We hold the Circuit Court abused its discretion in allowing fees in excess of counsel's regular hourly rate, multiplied by the number of hours of work reasonably and necessarily expended on the case. We hold that the judgment should be modified and reduced to reflect an award of attorneys' fees in favor of Huron Smith against Young only in the sum of $2,900.
AFFIRMED IN PART; REVERSED IN PART. COSTS OF THIS APPEAL ARE TO BE TAXED THREE-FOURTHS AGAINST YOUNG AND ONE-FOURTH AGAINST HURON SMITH.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.