# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 98-IA-00179-SCT

*CECIL CRUMPTON*

*v.*

*MARY J. (FAY) HEGWOOD*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/23/1998 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | SMITH COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | THOMAS C. ANDERSON |
| | WILLIAM A. WHITEHEAD, JR. |
| ATTORNEY FOR APPELLEE: | JOSEPH E. ROBERTS, JR. |
| NATURE OF THE CASE: | NATURE OF THE CASE: CIVIL - PERSONAL INJURY |
| DISPOSITION: | VACATED AND REMANDED - 8/12/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: 09/02/1999 | |

**EN BANC.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. This is an interlocutory appeal which presents three legal questions to this Court: (1) whether the applicable statute of limitations had run prior to a request for an extension of time in which to effect service; (2) if so, whether the order extending time to effect service revives the cause of action; and (3) whether the motion was untimely and facially invalid. We conclude that the motion was timely and facially sufficient. We further conclude that the statute of limitations had not run in this case. However, because there was no record finding of excusable neglect and good cause to support the order granting the extension, we vacate the order and remand this matter to the trial court for further proceedings.

## I.

¶2. On November 14, 1994, Mary J. Hegwood ("Hegwood") filed a complaint against Cecil Crumpton ("Crumpton") arising out of an automobile accident which occurred on November 15, 1991. Process was issued that same day, but was not served on

Crumpton within 120 days of filing suit as required by M. R.C.P. 4(h). On August 21, 1996, Hegwood filed a Motion for Additional Time to Serve Defendant, citing "inadvertence and excusable neglect" as the basis for her failure to timely serve Crumpton.

¶3. The trial judge granted Hegwood an additional 60 days to serve process on August 21, 1996, and process was served on October 21, 1996. On February 14, 1997, Crumpton filed a motion for summary judgment based on the running of the three-year statute of limitations, which the trial judge denied. Aggrieved, Crumpton sought and was granted an interlocutory appeal before this Court.

## II.

¶4. Three of Crumpton's points of error are related and will accordingly be addressed collectively. Crumpton first asserts that the limitations period begins to run again if service of process is not made upon defendant within 120 days after filing of the complaint as required by Rule 4(h) of the M.R.C.P. He next alleges that the motion for additional time to serve defendant with process filed over seventeen months after the limitations period does not revive the cause of action. Crumpton further asserts that the Hegwood's motion for additional time to serve defendant with process was untimely and facially invalid.

### *a.*

¶5. The trial judge granted Hegwood's motion for additional time based on M.R.C.P. 6(b), which provides in pertinent part that:

> When by these rules or by notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . (2) upon motion made after the expiration of the specified period permit the act to be done where failure to act was the result of excusable neglect ....

The comment to Rule 6(b) states that in cases in which the application for additional time is made after the expiration of the applicable time period, "the only cause for which extra time can be allowed is 'excusable neglect.'"

¶6. As to facial sufficiency, the question is whether an allegation of inadvertence and excusable neglect is sufficient to meet the "good cause" standard for purposes of our notice pleading practice.

¶7. M.R.C.P. 4(h) requires service of the summons and complaint within 120 days of filing of the complaint or the action shall be dismissed without prejudice unless "good cause" can be shown as to why service was not made within that period. This Court

has held that a mere allegation of inadvertence does not suffice to meet the requirement for a good cause showing. *Watters v. Stripling*, 675 So. 2d 1242, 1243 (Miss. 1996). Therefore, Hegwood's allegation of inadvertence as reason for her delay in service does fail facially. However, there was also an allegation of excusable neglect by Hegwood, which is not facially invalid. In assessing the good cause standard, we have concluded that good cause means at least excusable neglect, which would suggest that excusable neglect is not necessarily less than good cause. *See Watters* 675 So. 2d at 1243; *Fortenberry v. Memorial Hosp. at Gulfport, Inc*., 676 So. 2d 252, 256 (Miss. 1996). Other courts have found that the good cause standard is as strict as that of excusable neglect and that it would seem that at least as much as would be required to show excusable neglect would be required for good cause. *See, e.g., Winters v. Teledyne Movible Offshore, Inc*., 776 F.2d 1304, 1306 (5th Cir. 1985); *Motsinger v. Flynt*, 119 F.R.D. 373, 376 (M.D.N.C. 1988). We, therefore, conclude that the assertion of excusable neglect in this case is sufficient to cover good cause under our notice pleading standard. M.R.C.P. 7(b), 8(a) and 8(e)(1), and that the motion was facially sufficient.

*b*.

¶8. Given the fact that the motion is facially sufficient, we must assume for present purposes that good cause was shown in that the trial court granted the motion for an extension of time. Crumpton asserts that the trial court erred in failing to dismiss the suit based on the running of the three-year statute of limitations and based on Hegwood's failure to serve process for nearly two years after filing suit. The question, then, becomes whether the order extending time for service revives the cause of action.

¶9. Under the Mississippi Rules of Civil Procedure, an action is commenced by the filing of a complaint. M.R.C.P. 3(a). The comment to Rule 3(a) provides that the purpose of filing the complaint is to establish a precise date for fixing the commencement of a civil action. The comment to the rule goes on to state that service is not essential to the commencement of the action. M.R.C.P. 3(a) and 4(h), which provides a 120-day period for service of process, thus operate to the extent that the commencement date of the action is the date of filing, and that date obtains for statute of limitations purposes whenever the action is not dismissed, including those instances in which the action would have been dismissed but for an extension of time. The extension allowed under Rule 4(h) serves to save the action when there is no service effected within the 120 days.

¶10. We recognized that the filing of the complaint tolls the statute of limitations in *Watters v. Stripling*, 675 So. 2d 1242, 1243-44 (Miss. 1996). We held that pendency of suit tolls the period for 120 days and no more. *Id.* at 1244. In *Watters*, however, the suit was dismissed, thus the suit became a nullity except for the 120-day period. In the

present case, however, the action was not dismissed. It never became a nullity. As such, its commencement date, the date of filing, controls the statute of limitations issue. The complaint was filed within the statutory period, and service was made on Crumpton within the 60 day extension period given to Hegwood. Thus, the commencement date was perfected by eventual service, making the suit complete as service was made within the additional time granted.

*c.*

¶11. Hegwood sought, and was granted, an extension of time for serving process upon Crumpton, but Crumpton argues that the trial judge abused his discretion in granting this motion. *See **Rains v. Gardner**, No. 95-CT-00906-1999 WL 33884, \*6 (Miss. Jan. 28, 1999)* (finding of Rule 4(h) "good cause" subject to review for abuse of discretion and whether supported by substantial evidence).

¶12. The facts of the present case are somewhat unusual in that the trial judge expressly found in his written ruling that Hegwood's neglect was "inexcusable," but he nevertheless granted an extension of the applicable time period. The trial judge's ruling provides in its entirety that:

> This day this cause came on to be heard on the Motion for Additional Time to Serve Defendant with Process, and the Court having heard and considered the Motion and the reason for such Motion finds that such delay *is the result of inexcusable neglect* and further finds that such Motion is well taken and should be sustained. Therefore ordered and adjudged that plaintiff is allowed an additional sixty (60) days from the date of this Order within which to serve the Defendant with process in this cause.

(emphasis added). The trial judge thus found that Hegwood's failure to comply with the applicable time period was the result of "inexcusable neglect." Hegwood argues that this finding by the trial court was a "typographical error," and she submits that the trial court actually intended to write that the failure to comply with the applicable time period was the result of "excusable" neglect.

¶13. In all likelihood, the finding of inexcusable neglect is a typographical error as Hegwood claims. However, the matter of the basis for an extension was presented ex parte in this case. As what we have is a motion for summary judgment denied prior to discovery or any other evidentiary proceedings, there is little to review with regard to the trial court's factual determinations. The motion for summary judgment, in addition to claiming that the cause was beyond revival, asserted only that the ***motion*** for extension was "***facially*** insufficient." There is no record as to what was offered by way of showing excusable neglect or good cause, and there appears to have been no opportunity to make such a record below. The attack on the *facial sufficiency* of the

motion as opposed to any underlying basis for its consideration did not put the facts supportive of the motion at issue. It is troubling that neither the motion nor the trial court order provides us with information sufficient for review of the question whether there was in fact good cause for the extension. Additionally, there is the "inexcusable neglect" language in the order, which is inconsistent with the trial court's ruling granting the extension. Because of the lack of a record as to good cause, we vacate the order granting Hegwood additional time to serve process and remand this matter to the trial court for further proceedings to enable the court to make findings that address the substance of the good cause criteria and to enter an appropriate order based on those findings. We express no view as to how the trial court should rule on remand.

### **III**.

¶14. For the foregoing reasons, the judgment of the trial court is vacated, and this case is remanded for further proceedings consistent with this opinion.

¶15. **VACATED AND REMANDED**.

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR.**