# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-CA-01556-SCT

*TIFFANY HEARD*

*v.*

*KEITH REMY*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/05/2005 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS, JR. |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERTA LYNN HAUGHTON |
| ATTORNEY FOR APPELLEE: | JACK H. HAYES, JR. |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 07/20/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE SMITH, C.J., CARLSON AND DICKINSON, JJ.

## DICKINSON, JUSTICE, FOR THE COURT:

¶1.     This is an appeal of an order dismissing a plaintiff's case as barred by the statute of limitations, which ran after the plaintiff failed to serve process on the defendant within the 120-day period allowed by Rule 4(h) of the Mississippi Rules of Civil Procedure. For the reasons discussed herein, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

¶2.     On October 3, 2001, Tiffany Heard was a passenger in a vehicle driven by Patrice M. Staple which was traveling west on Highway 12 in Starkville, Mississippi. Keith Remy was the operator of a 1993 Buick exiting a parking lot onto Highway 12. When Remy turned left

out of the parking lot, he collided with Staple's vehicle. Heard filed a complaint alleging Remy's negligence proximately caused the collision. Heard asserted she sustained injuries as a result of being propelled forward during the impact. Heard filed her complaint, and process was issued on September 29, 2004, five days prior to the running of the three-year statute of limitations. However, Remy was not served with process within the 120-day period that followed.

¶3.    The 120-day period for service of process expired on January 27, 2005. On February 17, 2005, Heard filed a Motion for an Extension of Time within which to serve process on Remy. The trial court granted Heard an additional 60 days within which to serve process, but it did not make any findings as to whether Heard had shown good cause for her failure to serve. Remy was served with process on February 25, 2005.

¶4.    After being served with process, Remy filed an Answer and Motion for Judgment on the Pleadings. The Answer contained several affirmative defenses, including failure to state a claim and expiration of the statute of limitations. The Motion for Judgment on the Pleadings alleged the three-year statute of limitations had run prior to Heard's filing of the Motion for Extension of Time; therefore, the motion asserted, the court improperly entered the order granting Heard more time to serve Remy.

¶5.    The trial court held a hearing on Remy's Motion for Judgment on the Pleadings and ordered the parties to submit briefs of their arguments. The court subsequently entered an Order on July 8, 2005, dismissing Heard's case. The Order stated Heard had not shown good cause for her failure to serve Remy within 120 days and noted the statute of limitations

2

had expired. Heard filed a notice of appeal to this Court claiming the trial court erred in finding that Remy had not waived the defenses of insufficiency of process and insufficiency of service of process, that the statute of limitations had expired, that good cause did not exist, and that the motion for extension of time had to be made within 120 days.

## DISCUSSION

¶6. Heard raises four issues on appeal:

**I. Whether the trial court erred in finding Remy had not waived the defenses of insufficiency of process and insufficiency of service of process.**

¶7. Heard asserts the trial court erred by not finding Remy waived the defenses of insufficiency of process and insufficiency of service of process. This assertion, however, is supported by neither the facts nor the law.

¶8. Mississippi Rule of Civil Procedure 4(h) provides that a failure to serve process within 120 days of the filing of the complaint, absent proof of "good cause" for the failure, shall warrant dismissal upon the court's initiative or upon motion. Failure to assert the defense in an answer, motion, or other responsive pleading waives the defense. *See Young v. Huron Smith Oil Co.*, 564 So. 2d 36, 39 (Miss. 1990). Under M.R.C.P. 12(b), "[n]o defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." In *Rains v. Gardner*, 731 So. 2d 1192, 1197 (Miss. 1999), this Court explained:

> a moving party has a choice of making a M.R.C.P. 4(h) objection to process by filing a M.R.C.P. 12(b)(4) or (5) motion prior to filing a responsive pleading; by asserting other general affirmative defenses; or by filing them simultaneously therewith. The M.R.C.P. 4(h) defense is waived only after the

3

filing of an answer or affirmative defenses if the defense is not asserted prior to or simultaneously within the answer.

¶9. Remy was served with process on February 25, 2005. He filed both his Answer and Affirmative Defenses and his Motion for Judgment on the Pleadings on March 10, 2005. His Answer contained several affirmative defenses, including failure to state a claim and expiration of the statute of limitations. His Motion for Judgment on the Pleadings specifically alleged that both the 120-day service period under Rule 4(h) and the three-year statute of limitations had run "without service of process being perfected upon the Defendant."

¶10. These two pleadings sufficiently asserted the Rule 4(h) defense. Heard's Response to Remy's Motion for Judgment on the Pleadings acknowledged Remy's assertion that "both the statute of limitations and the 120 day period ran on this case prior to Plaintiff seeking extension of time to serve the Defendant . . . ." Thus, Heard was fully aware from the content of the pleadings that Remy was pursuing dismissal based on both her failure to serve process within the time permitted and the expiration of the statute of limitations.

¶11. Heard claims that because Remy did not use the magic words "insufficiency of process" or "insufficiency of service of process," those defenses are waived. We find this argument unpersuasive. Remy specifically pled that process was served after the expiration of both the 120 days for service of process and the three-year statute of limitations. Although the process may have been sufficient and valid in all other respects, the service was simply too late. Untimely service of process *is* insufficient service of process.

4

¶12. Furthermore, Heard's reliance on *Young* is misplaced. In *Young*, the plaintiff served process on the defendant at his home in Tennessee by certified mail. 564 So. 2d at 37. After process was returned marked "unclaimed," the plaintiff attempted service when the defendant came into the state. *Id.* The defendant subsequently filed an answer in the case without any mention of improper service of process. *Id.* Then, more than two months later, the defendant filed a motion to dismiss based on improper service. *Id.* Following the trial court's denial of the motion and the defendant's subsequent appeal, this Court held that by failing to assert insufficiency of process in his answer and failing to obtain leave of court to amend his answer, the defendant waived the argument. *Id.* at 39. The *Young* case is inapplicable here because Remy's answer and responsive pleadings properly set forth facts demonstrating that service was effected after the expiration of the 120-day period for service and the three-year statute of limitations.

¶13. Remy asserted the appropriate defenses regarding service of process, the statute of limitations, failure to state a claim, and expiration of the 120-day service period. For the reasons stated, Heard's claim that the trial court erred in finding Remy did not waive the defenses of insufficiency of process and insufficiency of service of process is without merit.

**II.   Whether the trial court erred in finding the statute of limitations had expired in this case.**

¶14. Heard next asserts the trial court erred in finding the statute of limitations expired prior to service of process on Remy. Specifically, Heard maintains the statute of limitations did not run because the case was not dismissed prior to the service of process. Because Heard's analysis of the relevant law is incorrect, this issue is without merit.

5

¶15.    It is true that Heard filed suit prior to the expiration of the statute of limitations. However, we have previously held that "[i]n the event the action is commenced within the period of limitation, the statute of limitations stops running, *for a time*." ***Triple "C" Transp., Inc. v. Dickens***, 870 So. 2d 1195, 1199 (Miss. 2004) (emphasis added) (citing ***Watters v. Stripling***, 675 So. 2d 1242, 1244 (Miss. 1996)).  If the defendant is not served during the 120-day service period, the statute begins to run again.  ***Dickens***, 870 So. 2d at 1199-1200 (citing ***Holmes v. Coast Transit Auth.***, 815 So. 2d 1183, 1185 (Miss. 2002) ("Filing of a complaint tolls the applicable statute of limitations 120 days, but if the plaintiff fails to serve process on the defendant within that 120-day period, the statute of limitations automatically begins to run again when that period expires.")).  Heard failed to serve process within the time allowed by Rule 4(h), and thus the statute of limitations began to run at the conclusion of the 120-day period.

¶16.    Heard cites ***Crumpton v. Hegwood***, 740 So. 2d 292 (Miss. 1999), for the proposition that the statute of limitations does not begin to run again upon the expiration of the 120 days allowed for service of process unless the court dismisses the case for failure to serve process. ***Crumpton***, however, makes no such finding.  The case turned on the question of whether the plaintiff demonstrated good cause for failure to serve process during the 120-day period allowed by Rule 4(h).  *Id*. at 295.  Where good cause is shown for an extension of time to serve process, and process is served within the time allowed, the statute of limitations will be tolled during the extension period.  *Id*. at 294.  We remanded in ***Crumpton*** for a determination of whether the plaintiff had shown good cause for the extension.  *Id*. at 295.

6

¶17.    As we held in ***Crumpton***, an extension of time to serve process continues to toll the statute of limitations only if granted for good cause.  If service is made within the additional time, the statute of limitations will not be held to have expired.  In the current case, however, the 120-day period expired prior to Heard's application for an extension of time.  The trial court granted the requested extension without addressing either the issue of good cause or the issue of excusable neglect for failure to timely file the motion.  The trial court later found – and we agree – that Heard did not show good cause for her failure to serve process on Remy.  Thus, the statute of limitations began to run again after the initial 120-day service period, and it expired on February 1, 2005.

¶18.    The trial court erred in granting an extension of time without first addressing the issue of good cause, as required by M.R.C.P. 4(h).[1]  However, the trial court cured its own error by subsequently finding good cause had not been shown and the statute of limitations had expired.  Therefore, Heard's second assignment of error is without merit.

### III.    Whether the trial court erred in finding good cause did not exist for failure to serve Remy within 120 days.

¶19.    Heard claims the trial court erred in finding she failed to show good cause for not serving Remy during the required time period.  Heard asserts that because the trial court granted her an extension of time to serve process, the court "evidently felt that Appellant's stated reasons constituted good cause because the court signed the order granting" additional

---

[1] A motion for an extension of time filed after the expiration of the initial period under M.R.C.P. 6(b)(2) requires a finding of excusable neglect for failure to timely file a request for extension.  In addition, even in cases where excusable neglect is shown, the movant must still meet the M.C.R.P. 4(h) burden of showing good cause for failure to serve process before an extension of time for service of process may be granted.

time. The trial court, however, did not make any such finding of good cause in its order granting additional time for service of process.[2] The trial court subsequently found in its order dismissing the case that Heard failed to satisfy the criteria for good cause under Rule 4(h). Upon review of the record, we hold the trial court did not err in this finding.

¶20. Heard contends the failure to serve Remy within the 120 days was the result of the process server's failure to follow instructions. The individual instructed to serve Remy was an employee of Heard's counsel's law firm, yet Heard provides no explanation or testimony as to why process was not served within the 120-day period. Heard offers no evidence that Remy was avoiding process. In fact, the record demonstrates service was never attempted within the initial 120-day period.

¶21. While a party seeking service may show good cause as to why service was not made within 120 days of the filing of the suit in order to avoid dismissal, Heard has failed to demonstrate good cause existed for her failure to timely serve Remy in this case. This Court reviews a trial court's determination of whether good cause exists on an abuse of discretion standard, deferring to the trial court when substantial evidence supports the determination. *See Rains*, 731 So. 2d at 1196. "To establish 'good cause' the plaintiff must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *LeBlanc v. Allstate Ins. Co.*, 809 So. 2d 674, 677 (Miss. 2002) (quoting *Sys. Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)). The failure to

---

[2] The trial court noted in its Order of Dismissal that its standard practice is to grant an extension of time where good cause for non-service is alleged.

attempt process on Remy may have been the result of a lack of communication and follow-up within the offices of Heard's counsel. The continuing failure to attempt service for four months, without adequate explanation, shows a lack of diligence beyond excusable neglect. Therefore, the trial court did not abuse its discretion in failing to find good cause for Heard's failure to serve Remy. Heard's third assignment of error is without merit.

**IV. Whether the trial court erred in holding a Motion for Extension of Time must be made within the 120 days provided by M.R.C.P. 4(h).**

¶22. Finally, Heard claims the trial court erred in holding a Motion for Extension of Time must be made within the 120 days as provided by M.R.C.P. 4(h). After a careful reading of the Order of Dismissal, we note the trial court never concluded a motion for extension of time must be filed within the 120-day service period. Instead, the court found that because Heard did not show good cause for her failure to serve Remy within the time allowed, the case should be dismissed. Therefore, Heard's final assignment of error is without merit.

**CONCLUSION**

¶23. For the reasons stated, we affirm the trial court's order dismissing Heard's case. This Court finds that because Heard has not shown good cause for her failure to serve Remy with process within the 120-day period allowed by M.R.C.P. 4(h), the statute of limitations began to run after the initial 120-day tolling period, and it subsequently expired, requiring that this case be dismissed with prejudice.

¶24.    **AFFIRMED**.

**SMITH, C.J., WALLER AND COBB, P.JJ., DIAZ AND CARLSON, JJ., CONCUR.   RANDOLPH, JJ., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.   EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.**