IN THE SUPREME COURT OF MISSISSIPPI

NO. 2006-CA-02025-SCT

*MARY P. BURLESON AS THE PERSONAL
REPRESENTATIVE OF BOBBY (NMN) SHIERS,
JR., DECEASED, FOR THE BENEFIT OF
ASHLEY NICOLE SHIERS, REBECCA LEE
SHIERS, BRITTANY M. HEARN, DESTINY
KATHLEEN MASSEY AND RAINY EVA DEANN
MASSEY, MINOR CHILDREN OF BOBBY (NMN)
SHIERS, JR., DECEASED*

*v.*

*ROY MICHAEL LATHEM d/b/a LOG HAUL
HUNTING & FISHING CLUB OF EDWARDS,
INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/20/2006 |
| TRIAL JUDGE: | HON. FRANK G. VOLLOR |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | R. CHARLES ROBB |
| ATTORNEY FOR APPELLEE: | WILLIAM M. DALEHITE, JR. |
| | J. SETH McCOY |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND REMANDED - 11/15/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

EN BANC.

GRAVES, JUSTICE, FOR THE COURT:

FACTS AND PROCEDURAL HISTORY

¶1.    On May 15, 1999, Roy Michael Lathem shot Bobby Shiers, Jr., with a .38 caliber

handgun on hunting club property in Hinds County, Mississippi.  At the time of the shooting,

Bobby Shiers was fleeing from law enforcement authorities in Edwards, Mississippi. On May 24, 1999, Bobby Shiers, Jr., died in Warren County, Mississippi, as a result of the gunshot wound. Lathem pleaded guilty to manslaughter and was serving his sentence in the Hinds County penal institute at the commencement of the civil suit.

¶2. On May 15, 2002, Mary P. Burleson, the mother and personal representative of Bobby Shiers, Jr., filed a complaint against Lathem in the Circuit Court of Warren County, asserting a claim for wrongful death on behalf of and for the benefit of the five minor children of the deceased. The summons was issued on September 12, 2002. Lathem was served with process on September 17, 2002, 125 days after the filing of the complaint, exceeding the 120-day requirement of Mississippi Rule of Civil Procedure 4(h). On October 15, 2002, Lathem filed his answer to the complaint, asserting only the affirmative defenses of failure to state a claim upon which relief can be granted and improper venue.

¶3. On August 13, 2004, the circuit court sua sponte entered an Order Dismissing Complaint without prejudice for failure to prosecute, pursuant to Mississippi Rule of Civil Procedure 41(d)(1). Burleson filed a Motion To Set Aside the Order Dismissing the Complaint, or Alternatively to Reinstate the Complaint on April 27, 2005, and on August 1, 2005, Lathem filed an Opposition to Plaintiff's Motion To Set Aside Order Dismissing Complaint, or Alternatively to Reinstate the Complaint. On August 5, 2005, Burleson filed a Motion for Leave to Amend Complaint. The trial court entered an Order Reinstating the Complaint on August 16, 2005, after hearing arguments of counsel. Burleson subsequently filed a Revised Motion for Leave to Amend Complaint on August 26, 2005.

2

¶4.     On April 13, 2006, the trial court entered an Order Granting Leave to Amend the Complaint; Burleson filed the Amended Complaint on that date. On May 9, 2006, Lathem filed his Answer and Affirmative Defenses to Plaintiff's Amended Complaint, which set forth several affirmative defenses, including insufficiency of process and insufficiency of service of process. In addition, Lathem filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment pursuant to Mississippi Rule of Civil Procedure 4(h) asserting that service of process had not occurred within 120 days from the filing of the Complaint. In his motion, Lathem also alleged that the statute of limitations had run.

¶5.     The circuit court held a motion hearing on October 19, 2006, regarding Lathem's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. The trial court heard arguments presented by counsel regarding Lathem's allegation of insufficiency of service of process. The Court did not address Lathem's second allegation, that the statute of limitations had run. Based on Burleson's failure to comply with Rule 4(h), the trial court dismissed the case without prejudice on October 19, 2006, and on October 20, 2006, entered an order sustaining Lathem's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. Burleson filed a timely Notice of Appeal to this Court on November 20, 2006.

¶6.     On appeal, this Court addresses the issue of whether Lathem waived insufficiency of of process as an affirmative defense by failing to raise it in his initial responsive pleading or by motion simultaneously therewith. This Court finds that Lathem waived the defense. Accordingly, we reverse the trial court's ruling and remand the case for a decision on the merits.

3

## DISCUSSION

**I.** **Whether Lathem waived Insufficiency of Service of Process as an Affirmative Defense by Failing to Raise it in His Initial Responsive Pleading or by Motion Simultaneous Therewith.**

¶7.     When reviewing a trial court's grant or denial of a motion to dismiss or a motion for summary judgment, this Court applies a de novo standard of review. *Scaggs v. GPCH-GP, Inc.,* 931 So. 2d 1274, 1275 (Miss. 2006); *Park on Lakeland Drive, Inc. v. Spence,* 941 So. 2d 203, 206 (Miss. 2006); *McLendon v. State,* 945 So. 2d 372, 382 (Miss. 2006); *Monsanto Co. v. Hall,* 912 So. 2d 134, 136 (Miss. 2005). "When considering a motion to dismiss, the allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim." *Scaggs,* 931 So. 2d at 1275 (citing *Lang v. Bay St. Louis/Waveland Sch. Dist.,* 764 So. 2d 1234, 1236 (Miss. 1999).

¶8.     Burleson does not dispute that process was not served within the 120-day requirement set forth under Rule 4(h); however, Burleson argues that any Rule 4(h) objection was waived when Lathem failed to timely plead a Rule 12(b)(5) affirmative defense in the initial responsive pleadings. Lathem argues that he preserved a Rule 4(h) objection and Rule 12(b)(5) defense by asserting "a common catch-all defense," that is, a Rule 12(b)(6) defense in the initial Answer.[1] Thus, the issue before this Court is whether Lathem properly asserted insufficiency of process as an affirmative defense in his initial answer filed on October 15, 2002, thereby precluding waiver.

---

[1] Lathem's brief contends that the Rule 12(b)(6) "common catch-all defense" includes a Rule 4(h) defense.

4

¶9.    Mississippi Rule of Civil Procedure 4(h) provides:

If a service of the summons and complaint is not made *upon a defendant within 120 days* after the filing of the complaint . . . the action *shall be dismissed* as to that *defendant without prejudice* upon the court's own initiative with notice to such party or upon motion.

(Emphasis added).  Thus, "M.R.C.P. 4(h) simply provides that a party shall be dismissed from an action if service is not had on that party within 120 days . . ." **Rains v. Gardner,** 731 So. 2d 1192, 1194 (Miss. 1999).  The underlying rationale of Rule 4(h) is two-fold: First, it provides the defendant with notice that a lawsuit has been filed against him, and second, it requires a party "to bring claims to a court for judicial review in a timely manner." **Johnson v. Rao,** 952 So. 2d 151, 162 (Miss. 2007) (Graves, J., dissenting); **Holmes v. Coast Transit Auth.,** 815 So. 2d 1183, 1187 (Miss. 2002).  *See also* **Chauvin Int'l Ltd. v. B & S Sportswear, Inc.,** 1993 WL 403352 (S.D.N.Y. 1993) (The purpose of service of process is to give notice to the defendant that suit has been filed against him.).  "The rules which govern service of process should be 'applied in a manner that will best effectuate their purpose of giving the defendant adequate notice.'" **Johnson,** 952 So. 2d at 160 (Graves, J., dissenting) (citing **Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,** 840 F.2d 685, 688 (9th Cir. 1988)).

¶10.    In this case, Lathem received notice of the lawsuit through service of process, satisfying the underlying rationale of the rule.  Nevertheless, service was untimely, occurring five days late, and this Court has succinctly stated that "[u]ntimely service of process is insufficient service of process."  **Heard v. Remy,** 937 So. 2d 939, 942 (Miss. 2006).  However, a finding of defective service does not end the inquiry, inasmuch as Rule 4(h) must

be viewed in conjunction with the pertinent provisions of Rules 12 and 15 of the Mississippi Rules of Civil Procedure. Even when service of process is insufficient, this Court has held that service-of-process defenses must be affirmatively asserted either in the initial responsive pleading or by motion. Otherwise, they are waived. **Rains,** 731 So. 2d at 1195.

¶11. This Court has previously held that if a party fails to serve process within the 120-day requirement prescribed by Rule 4(h), the court shall dismiss the suit sua sponte or by motion, which should be made by the party upon whom process has been improperly served, that is, "the only party to have standing to make such motion." **Rains,** 731 So. 2d at 1195. This Court in **Rains** stated that when asserting a Rule 4(h) objection, the "proper vehicle is a motion filed under the provisions of M.R.C.P. 12(b)(4) or (5)." **Rains,** 731 So. 2d at 1195. Mississippi Rule of Civil Procedure 12 provides in pertinent part:

> (b) **How Presented.** Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
> . . .
> (4) Insufficiency of process
> (5) Insufficiency of service of process
> . . .
> No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion . . .

¶12. Further, Mississippi Rule of Civil Procedure 12(h) requires that a defense of insufficiency of process or insufficiency of service of process made by motion must be filed concurrently with other *initial* motions in a lawsuit or with the responsive pleadings. **Rains,** 731 So. 2d at 1195 (finding that the defendant preserved insufficiency of process as an affirmative defense by asserting it in the initial pleadings and in the answer); *see also* **Heard**

6

***v. Remy***, 937 So. 2d 939 (Miss. 2006) (finding that even though the defendant did not specifically use the phrases "insufficiency of process" or "insufficiency of service of process," his Rule 4(h) defense was sufficiently set forth and preserved in the initial responsive pleadings); ***Young v. Huron Smith Oil Co.***, 564 So. 2d 36 (Miss. 1990) (holding that the defendant waived insufficient service of process as an affirmative defense by failing to assert it in a timely manner pursuant to M.R.C.P. 12). Once the responsive pleadings have been filed, a party's failure to plead a Rule 4(h) objection by filing a Rule 12(b)(4) or (5) defense constitutes waiver. ***Heard***, 937 So. 2d at 941. Mississippi Rule of Civil Procedure 12 provides in pertinent part:

> (g) **Consolidation of Defenses in Motion.** A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted.
>
> (h) **Waiver or Preservation of Certain Defenses.**
> (1) A defense of lack of . . . insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by a motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Thus, this Court in ***Rains*** stated:

> [A] moving party has a choice of making a M.R.C.P. 4(h) objection to process by filing a M.R.C.P. 12(b)(4) or (5) motion prior to filing a responsive pleading; by asserting other general affirmative defenses; or by filing them simultaneously therewith. The M.R.C.P. 4(h) defense is waived only after the filing of an answer or affirmative defenses if the defense is not asserted prior to or simultaneously within the answer.

***Rains***, 731 So. 2d at 1197**.** The party filing the motion has thus waived a Rule 12(b)(4) or (5) defense by failing to plead it prior to or concurrently with the answer; however, the issue may be revisited with an amended answer upon leave of the court pursuant to Rule 15. ***Id.*** The comment to Rule 12(h)(1) reiterates that a party asserting one defense should bring forward all defenses that he has at the time, which allows the court "to do a reasonably complete job."

¶13.    In the instant case, Burleson failed to timely serve Lathem with process. However, Lathem failed to timely assert his Rule 4(h) or 12(b)(4) or (5) defense in the initial responsive pleadings; that is, the affirmative defenses were not submitted prior to or simultaneous with Lathem's answer. Lathem asserted the affirmative defenses of insufficiency of process and insufficiency of service of process only in the amended answer. Burleson was not on notice in Lathem's "first defense move" that Lathem would pursue dismissal based on insufficiency of service of process. *See **Glater v. Eli Lilly & Co.***, 712 F.2d 735, 738 (1st Cir. 1983) ("defendants wishing to raise any of these four defenses [lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process] must do so in their first defensive move, be it a Rule 12 motion or a responsive pleading")***; Heard,*** 937 So. 2d at 942. Thus, Lathem waived the affirmative defenses of insufficiency of process and insufficiency of service of process set forth in the amended answer unless his amended answer falls within the provisions of Rules 12(h)(1)(B) and 15(a). Although Lathem has waived improper service of process, the defense is preserved if it is asserted in an amendment as a matter of course pursuant to Rule 15(a).

8

¶14.    If an affirmative defense is not asserted in the initial responsive pleadings or by motion prior to or simultaneously therewith, Rule 12(h)(1)(B) provides that such a defense may be permissible as an amendment pursuant to Rule 15(a). Mississippi Rule of Civil Procedure 15(a) provides in pertinent part:

> A party may amend a pleading as a matter of course at any time before a responsive pleading is served, or if a pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party *may so amend it at any time within thirty days after it is served. . . .* Otherwise a party may amend a pleading *only by leave of court or upon written consent of the adverse party; leave shall be freely given when justice so requires. . . .*

(Emphasis added). Rule 15(a) specifically allows a party to amend a pleading "as a matter of course at any time before a responsive pleading is served . . . ." If a responsive pleading is not permitted, then the party has thirty days after the pleading has been served to amend it without leave of court. The underlying rationale for this rule is best articulated in the comment to Rule 15 as follows:

> [C]ourts are organized for the purpose of hearing and determining causes on their actual merits . . . it would be a hopelessly visionary and impractical expectation that every party in every case could always successfully communicate at once to his solicitor all of the material facts with complete accuracy, or that any solicitor, although having all the facts, may reach such a height of professional perfectibility as to stand above the possibility of error or omission in pleading them – as a consequence of which there would sometimes be a failure of full justice on the actual merits unless amendment and correction in the pleadings, and in other procedural steps, were seasonably and judiciously allowed.

M.R.C.P. 15 cmt. Thus, after the thirty-day time period has expired, a party still has the opportunity to amend the pleading; however, the party may only amend "by leave of the court or upon written consent of the adverse party." M.R.C. P. 15(a); **Rains,** 731 So. 2d at

9

1197 (Rule 12(h)(1) states that a 4(h) defense may be raised in an amended answer if filed by leave of the court pursuant to Rule 15). Rule 15(a) provides that the court shall grant a party's request "when justice so requires."

¶15.    Lathem did not assert deficient service of process as an affirmative defense in the answer filed on October 15, 2002.[2]  Based on Rule 15(a), Lathem had thirty days from the service of his answer to submit any amendments without leave of court. The comment to Rule 15(a) notes that, unlike the federal rules, the Mississippi rules do not limit the number of times a party may amend as a matter of course. Thus, Lathem had the entire thirty days to amend his pleading as often as he deemed necessary; however, Lathem chose not to amend at all. Once this thirty-day time period expired, Lathem, pursuant to Rule 15(a), needed leave of the court or written consent of opposing counsel in order to amend his answer. The record does not reflect Lathem's request to the court or to opposing counsel to amend the answer nor does Lathem argue that such a request was made. Although Burleson amended her complaint, she did so after requesting permission of the court, which was granted on April 13, 2006.

¶16.    Lathem further asserts that he preserved his Rule 4(h) defense by asserting a catch-all Rule 12(b)(6) in his initial answer. We find this argument to be without merit. Such an interpretation of the rules would allow the defendant more than one bite at the apple, since he could plead a Rule 12(b)(6) defense in the initial responsive pleadings, with the intent of

_____

[2] Lathem subsequently asserted insufficiency of process and insufficiency of service of process as affirmative defenses in his answer to the amended complaint and by motion filed on May 9, 2006.

10

asserting other Rule 12 defenses at a later time. Lathem's reasoning rejects the interpretation of the rules in Mississippi case law. It also fails to explain the existence of the remaining Rule 12(b) defenses and other affirmative defenses, which would be unnecessary if a party need only assert a Rule 12(b)(6) defense to preserve any objections to allegations set forth in the complaint.

¶17.    Lathem failed to assert insufficiency of process and insufficiency of service of process as affirmative defenses in the initial responsive pleadings or by motion simultaneously therewith. Further, he failed to amend his answer within the thirty-day period permissible under the rules, and he did not obtain leave from the court or from opposing counsel to subsequently amend. Although he untimely asserted deficient service of process as an affirmative defense in his answer to the amended complaint and by motion, Lathem did not present any objections until May 9, 2006, more than three and a half years after the filing of the initial responsive pleadings. Moreover, even if this Court had found that Lathem properly asserted such affirmative defenses in the answer to the amended complaint or by motion, Lathem simply waited too long pursuant to Rule 15(a).[3] Thus, Lathem has waived insufficiency of process and insufficiency of service of process as affirmative defenses.

---

[3] Mississippi Rule of Civil Procedure 15(a) provides in pertinent part: "A party *shall* plead in response to an amended pleading within the time remaining for response to the original pleading or *within ten days after service of the amended pleading* whichever period may be longer, unless the court otherwise orders." (Emphasis added).
        Burleson filed the amended complaint on April 13, 2006. Lathem filed his amended answer and Motion to Dismiss on May 9, 2006, exceeding the ten-day time requirement prescribed by the rule. The record does not reflect the court providing additional time for Lathem to file an amended answer or Motion to Dismiss.

CONCLUSION

¶18.    For the foregoing reasons, the judgment of the Circuit Court of Warren County sustaining Lathem's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, is reversed, and this case is remanded to that court for a decision on the merits.

¶19.    **REVERSED AND REMANDED.**

**WALLER AND DIAZ, P.JJ., CARLSON, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR. EASLEY, J., CONCURS IN RESULT ONLY. SMITH, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION.**

**SMITH, CHIEF JUSTICE, DISSENTING:**

¶20.    The majority reverses the learned trial judge's grant of Lathem's Motion to Dismiss because Burleson failed to serve process upon Lathem within 120 days. The majority holds that a Rule 4(h) affirmative defense was waived by Lathem. I disagree and therefore dissent.

¶21.    Lathem's first affirmative defense in his Answer alleged Burleson's complaint failed to state a claim upon which relief can be granted. This Court has held that the use of such language affirmatively within an answer is sufficient to preserve the failure to comply with the requirements of a statute, i.e. Mississippi Code Annotated Section 11-1-58 (Rev. 2002). *Walker v. Whitfield Nursing Ctr., Inc.* 931 So. 2d 583, 591 (Miss. 2006). Here, by not effecting service of process within 120 days, Burleson failed to state a claim upon which relief can be granted, and upon the proper motion to dismiss, the trial court was correct in dismissing the complaint. Additionally, Lathem asserted the specific language of insufficiency of process as affirmative defense in his answer to Burleson's amended complaint, which he filed on May 9, 2006. Burleson argues that Lathem "actively

12

participated in litigation for four years" thus waiving his assertion regarding failure of service of process. Participation in what litigation? There was none! This assertion pales by comparison to Burleson never responding to discovery and her failure to prosecute the claim for more than a year. Burleson's non-action on her part resulted in dismissal of the case by the trial judge on August 13, 2004. Burleson did get the dismissal set aside and filed an Amended Complaint on April 13, 2006. Lathem responded by Answer to the Amended Complaint on May 9, 2006, and specifically pleaded his defense under Rule 4(h), along with a Motion to Dismiss based upon failure to comply with that rule.

¶22. What is unmistakably clear is that service of process was not timely, nor did Burleson move for additional time to serve process on Lathem. Even more critical is the fact that Burleson did not attempt to make any showing of "good cause" for her failure to timely serve process. *See* ***Heard v. Remy***, 937 So. 2d 939, 943 (Miss. 2006); ***Crumpton v. Hegwood***, 740 So. 2d 292, 295 (Miss. 1999); ***LeBlanc v. Allstate Ins. Co.***, 809 So. 2d 674, 677 (Miss. 2002).

¶23. In my view, Burleson did not comply with the requirement of Mississippi Rules of Civil Procedure 4(h) that process be served within 120 days of the filing of the complaint. Thus, the trial court was correct in dismissing the complaint. I would affirm the trial court.

¶24. I respectfully dissent.