NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


SARA N. LOPEZ,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀Case No.⠀⠀2D14-3497
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STATE OF FLORIDA,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀⠀⠀)
_____)

Opinion filed August 5, 2016.

Appeal from the Circuit Court for
Glades County; Donald H. Mason,
Judge.

Howard L. Dimmig, II, Public Defender,
and Tosha Cohen, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Helene S. Parnes,
Assistant Attorney General, for
Appellee.


KELLY, Judge.

⠀⠀⠀⠀⠀⠀Sara Lopez appeals from her judgment and sentence for trafficking in

oxycodone and contributing to the delinquency of a minor.  We affirm her judgment and

sentence without comment, with the exception of a cost issue Lopez preserved in her

motion to correct sentencing error filed under Florida Rule of Criminal Procedure 3.800(b)(2).

Lopez correctly argues the trial court's imposition of $4504 for the cost of her defense must be stricken because it is not supported by documentation in the record. See § 938.29, Fla Stat. (2012); Gilchrist v. State, 674 So. 2d 847, 848 (Fla. 2d DCA 1996). We also strike this cost because Lopez was not advised at sentencing of her right to a hearing to contest the amount of the cost as required by Florida Rule of Criminal Procedure 3.720(d)(1). See McGee v. State, 963 So. 2d 931 (Fla. 2d DCA 2007). Lopez shall have thirty days from our mandate to file a written objection to the amount assessed for the defense cost. See id. at 932. If she files an objection, the court shall hold a hearing. If she fails to timely object, the court may reimpose the cost without a hearing. See id.

Accordingly, we affirm Lopez's judgment and sentence, strike the $4504 defense cost, and remand for further proceedings.

BLACK and SALARIO, JJ., Concur.