IRVING, P.J.,
for the Court:
¶ 1. On January 10, 2013, the Hinds County Circuit Court dismissed without prejudice a complaint filed by Chakakhan Davis against the Mississippi Board of Certified Court Reporters (Board), alleging defamation of character. Feeling aggrieved, Davis appeals and argues that the circuit court erred in dismissing her complaint.
¶ 2. Because we find that the circuit court erred in dismissing Davis’s complaint prior to the expiration of the service period, we reverse the circuit court’s judgment and remand this case to the circuit court with instructions to reinstate Davis’s complaint.
FACTS
¶ 3. On November 5, 2012, Davis filed a complaint for defamation of character against the Board. Davis’s complaint arose out of an incident with a certified court reporter. According to Davis, the court reporter “knowingly prepared and published untrue and harmful statements in a ... transcript])]” Further, Davis alleged that the Board “failed to protect [her] from a known ... unreasonable^] incompetente,] unsafe[,] and dangerous [c]ourt [Reporter [who] deliberately exposed [Davis] to contempt, ridicule, malice, hatred[,] and ill will by willfully ... carrying out [a] libelous and slanderous egregious act.”
¶ 4. On the same day that Davis filed her complaint, she personally served a copy of the complaint and a summons on the Board. On December 26, 2012, the Board, in response to Davis’s complaint, filed a motion to dismiss, citing Davis’s failure to serve the Attorney General of the State of Mississippi (Attorney General). The circuit court, finding that Davis failed to comply with Rule 4(d)(5) of the Mississippi Rules of Civil Procedure, dismissed Davis’s complaint against the Board without prejudice on January 7, 2013.
¶ 5. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
*984 ANALYSIS AND DISCUSSION OF THE ISSUE
¶6. Appellate courts review the grant of a motion to dismiss de novo. Copiah Cnty. Sch. Dist. v. Buckner, 61 So.3d 162, 166 (¶ 12) (Miss.2011). Rule 4(h) of the Mississippi Rules of Civil Procedure gives a plaintiff 120 days after filing the complaint to serve a copy of the complaint and a summons on the defendant. Additionally, Rule 4(d)(5) of the Mississippi Rules of Civil Procedure states:
The summons and complaint shall be served together. Service by sheriff or process server shall be made as follows:
[[Image here]]
Upon the State of Mississippi or any one of its departments, officers!,] or institutions, by delivering a copy of the summons and complaint to the Attorney General of the State of Mississippi.
¶ 7. Here, Davis filed her complaint against the Board on November 5, 2012. Mississippi Code Annotated section 9-13-101 (Rev.2002) established the Board as an institution under the jurisdiction of the judicial branch of state government. As such, Rule 4(d)(5) required Davis to serve a copy of the complaint and a copy of the summons on the Attorney General within 120 days of filing the complaint against the Board. The 120-day period would not have expired until April 22, 2013. Inexplicably, the circuit court dismissed Davis’s claim on January 10, 2013 — more than three months prior to the expiration of the 120-day time limit provided by Rule 4(h). There is no evidence that Davis knew, prior to receiving and responding to the Board’s motion, that she was required to serve process on the Attorney General. Additionally, there is no evidence that Davis would not have correctly served process on the Attorney General prior to the expiration of the 120-day time period. See E. Miss. State Hosp. v. Adams, 947 So.2d 887, 890 (¶ 9) (Miss.2007) (holding that service of process was insufficient because the plaintiffs made no subsequent effort to correctly serve the Attorney General after receiving notice that the Attorney General was the proper party for service of process). In fact, the record reveals that, even though it occurred after the circuit court dismissed her complaint, Davis attempted to correctly serve process on the Attorney General on January 25, 2013, which was still within the 120-day time period.
¶ 8. Because the time period for service had not expired by the time that the Board filed its motion to dismiss for insufficient service of process and because there was no evidence that Davis would not or could not properly serve the Attorney General before the time limit expired, the circuit court erred in dismissing Davis’s complaint for insufficient service of process. Accordingly, we reverse the circuit court’s dismissal and remand this case to the circuit court with instructions to reinstate Davis’s complaint.
¶ 9. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED WITH INSTRUCTIONS TO REINSTATE THE APPELLANT’S COMPLAINT. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. CARLTON AND JAMES, JJ., NOT PARTICIPATING.