# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-IA-00343-SCT

*COPIAH COUNTY SCHOOL DISTRICT AND*
*KENNETH FUNCHES*

*v.*

*CHARLES BUCKNER*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/05/2010 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | JOSEPH WALTER GILL |
| | REBECCA B. COWAN |
| ATTORNEY FOR APPELLEE: | RAMEL LEMAR COTTON |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND RENDERED - 05/19/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLSON, P.J., LAMAR AND CHANDLER, JJ.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1.     Charles Buckner filed a personal-injury action against the Copiah County School District and Kenneth Funches.[1]  Buckner failed to serve process on either defendant within the 120-day period provided by Mississippi Rule of Civil Procedure 4(h).  After the running of the statute of limitations, Buckner moved for an extension of time to effect service of process.  The trial court granted the motion, allowing Buckner an additional 120 days to

---

[1] Funches's name appears in the record with two different spellings, "Funches" and "Funchess."  For consistency, we use "Funches," which is the name that appears on the complaint.

effect service. However, Buckner failed to serve either defendant until after the additional 120-day period had expired. The trial court denied the defendants' motion to set aside the order granting the extension of time and for summary judgment.

¶2. This Court granted the defendants' petition for an interlocutory appeal. We find that, because Buckner failed to show good cause or excusable neglect for the failure to effect service within the time provided by Rule 4(h), the trial court abused its discretion by denying the defendants' motion to set aside the order granting an extension of time. Because the limitations period had expired prior to the order granting the extension of time, summary judgment was appropriate. We reverse and render.

## FACTS

¶3. On October 30, 2007, Buckner filed a complaint against the Copiah County School District, Funches, and John and Jane Does 1-10. Buckner alleged that, on December 15, 2006, Funches, a school-bus driver, had failed to stop the bus at an intersection, and it had collided with Buckner's vehicle, causing damages. Buckner had summonses issued for each defendant on October 30, 2007. However, within 120 days after the complaint had been filed, Buckner had neither served process on the defendants, nor had he requested additional time to effect service.

¶4. More than one year after the complaint had been filed, on November 19, 2008, the trial court issued a notice of status hearing requiring Buckner's counsel to appear on January 12, 2009. Prior to the status hearing, Buckner filed an application for a clerk's entry of default against the defendants, along with an affidavit of counsel attesting that the defendants had

2

been served with the summonses and complaint on October 30, 2007. However, in fact, the defendants had not been served.

¶5. The record does not include a transcript of the status hearing. But at the later hearing on the defendants' dispositive motion, Buckner's counsel reminded the court of what had occurred at the status hearing. Buckner's counsel stated that service had not occurred during the initial, 120-day period, because the process server erroneously had informed counsel the defendants had been served. However, when counsel checked his case file prior to the status hearing, he discovered that no answer had been filed. Then, he checked the court file and realized that the defendants had not been served. He immediately filed a motion to withdraw the application for default. Buckner's counsel stated that, at the status hearing, the trial court orally had granted his motion for an extension of time to serve the defendants.

¶6. Two letters submitted with the defendants' dispositive motion shed further light on how Buckner discovered the failure of service. A letter dated January 15, 2009, from defense counsel to Buckner's counsel communicated that, on the same day, defense counsel had discovered the existence of the lawsuit and that the court file reflected the defendants had not been served. In a January 20, 2009, response letter, Buckner's counsel acknowledged that, when he had filed the application for entry of default, he had believed the defendants had been served.

¶7. The record reflects that, on February 3, 2009, the trial court entered an order granting Buckner's *ore tenus* motion for an extension of time to serve the defendants, and giving Buckner an additional 120 days to effect service of process, or until June 2, 2009. The order

3

did not state whether Buckner had shown good cause for the failure to effect service. A notation on the docket on February 3, 2009, states "Order/Copy Ramel L. Cotton (Additional 120 days to serve the defendants)." However, Buckner did not serve the school district with process until June 4, 2009. He served Funches on June 5, 2009.

¶8. Copiah County School District answered on June 17, 2009, and Funches answered on July 2, 2009. In their answers, the defendants asserted that, because Buckner had served them after the expiration of the time provided by Rule 4(h), the complaint was subject to dismissal with prejudice under Mississippi Rule of Civil Procedure 12(b)(4),(5), or (6). Copiah County School District also filed a motion to set aside the order granting extension of time and for summary judgment. It argued that the trial court had abused its discretion by granting Buckner an extension of time, because Buckner had failed to show good cause for his failure to effect service within the initial, 120-day period. Copiah County School District further asserted that summary judgment was appropriate because the statute of limitations applicable to Buckner's claims had expired in November 2008. *See* Miss. Code Ann. § 11-46-11(3) (Rev. 2002). Funches filed a joinder in the school district's motion.

¶9. Buckner filed a response to the motion to set aside the extension of time and for summary judgment on July 31, 2009. Buckner asserted that, at the direction of the court, his counsel had prepared and delivered to the court an order granting the extension of time. He stated that, despite due diligence, the date his counsel first had received a copy of the signed order by facsimile was June 4, 2009. In support of this argument, he submitted the affidavit of his counsel's legal assistant, Brenda Jordan. Jordan stated that she had called the clerk's

4

office on numerous occasions regarding the order. Buckner stated that the defendants were served immediately after counsel had received the order.

¶10. At the hearing on November 1, 2009, Jordan testified that, soon after she began calling the clerk's office, someone at the clerk's office had informed her that the order had been signed and entered on the docket, and had promised to fax a copy to Jordan. However, Jordan never received the faxed copy. Jordan admitted that she had informed her employer that the order had been signed, but he did not ask her to find out the date it had been signed. Over the next few months, she made several requests for a copy of the order, and finally received a faxed copy on June 4, 2009, two days after the extension of time granted in the order had expired.

¶11. On February 8, 2010, the trial court entered an order denying the motion for summary judgment. The order stated, "after conducting a hearing and accepting live testimony [the court] finds that the evidence satisfies the standards required for a finding of excusable neglect and good cause and Plaintiff's service of process under the circumstances should be accepted as proper." On March 1, 2010, Funches and Copiah County School District filed a petition for interlocutory appeal and for stay of trial court proceedings. This Court granted the petition.

## STANDARD OF REVIEW

¶12. We review a trial court's decision on whether to set aside an order granting an extension of time for abuse of discretion. *Johnson v. Thomas*, 982 So. 2d 405, 409 (Miss. 2008). "This Court leaves to the discretion of the trial court the finding of fact on the

5

existence of good cause or excusable neglect for delay in serving process under Rule 4(h)."

*Long v. Mem'l Hosp. at Gulfport*, 969 So. 2d 35, 38 (Miss. 2007). We will reverse if the trial

court's discretion was abused or its decision was not supported by substantial evidence. *Id.*

We apply de novo review to the grant or denial of a motion to dismiss or a motion for

summary judgment. *Price v. Clark*, 21 So. 3d 509, 517 (Miss. 2009).

## DISCUSSION

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY
DENYING THE MOTION TO SET ASIDE ITS ORDER THAT GRANTED
BUCKNER AN ADDITIONAL 120 DAYS TO SERVE THE DEFENDANTS
WITH PROCESS AND FOR SUMMARY JUDGMENT.

¶13. Mississippi Rule of Civil Procedure 4(h) states:

**Summons: Time Limit for Service.** If a service of the summons and complaint
is not made upon a defendant within 120 days after the filing of the complaint
and the party on whose behalf such service was required cannot show good
cause why such service was not made within that period, the action shall be
dismissed as to that defendant without prejudice upon the court's own initiative
with notice to such party or upon motion.

M.R.C.P. 4(h). Pursuant to Rule 4(h), the trial court was required to dismiss Buckner's

complaint unless he showed good cause why service was not made within 120 days. *See*

*Long*, 969 So. 2d at 39. "The rule has also been interpreted to require that, if the defendant

is not served within 120 days, the plaintiff must either refile the complaint before the statute

of limitations ends or show good cause; otherwise, dismissal is proper." *Webster v. Webster*,

834 So. 2d 26, 28 (Miss. 2002) (citing *Watters v. Stripling*, 675 So. 2d 1242, 1244 (Miss.

1996)).

¶14. The plaintiff bears the burden to demonstrate good cause for a failure to serve process

in a timely manner. ***Montgomery v. Smithkline Beecham Corp.***, 910 So. 2d 541, 547 (Miss. 2005) (citing ***Holmes v. Coast Transit Auth.***, 815 So. 2d 1183, 1184 (Miss. 2002)). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, 'as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" ***Webster***, 834 So. 2d at 28 (citing ***Peters v. United States***, 9 F.3d 344, 345 (5th Cir. 1993)). To meet the burden of proof of good cause, the plaintiff must demonstrate that a diligent effort was made to effect timely service. ***Foss v. Williams***, 993 So. 2d 378, 379 (Miss. 2008). The plaintiff must show more than that service failed due to "simple inadvertence or mistake of counsel or ignorance of the rules." ***Watters***, 675 So. 2d at 1243.

¶15.    This Court has held that

> good cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service, or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis.

***Holmes***, 815 So. 2d at 1186 (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137, at 342 (3d ed. 2000)). For example, in ***Foss***, the defendant was served one day after the 120-day period had expired. ***Foss,*** 993 So. 2d at 379. The plaintiff's counsel argued that, although he had associated local counsel who had been responsible for effecting service, local counsel had neglected to serve the defendants, and counsel did not discover the omission until 118 days after the complaint had been filed. ***Id.***

7

Counsel immediately sought to have the defendants served, and local counsel later withdrew from the case. *Id.* The trial court found that the plaintiff had demonstrated good cause. *Id.* This Court held the ruling was within the trial court's discretion, because the failure of service was caused by the inaction of another attorney who later had withdrawn from the case, and counsel had taken immediate action to effect service upon discovering the problem. *Id.* at 379-80.

¶16. However, placing blame upon a process server, without more, is insufficient to demonstrate good cause. The plaintiff must make a showing of diligence in seeking to effect service. *Id.* at 379. In *Heard v. Remy*, 937 So. 2d 939, 940 (Miss. 2006), the plaintiff, after the expiration of the 120-day period, moved for an extension of time to serve process. As in this case, the trial court granted the plaintiff's request, but without making a finding of good cause. *Id.* The plaintiff achieved service within the additional sixty days granted by the trial court. *Id.* The defendant answered and raised the defense of untimely service. *Id.* at 941. After a hearing, the trial court found that the plaintiff had not shown good cause for the failure to serve process within the original 120-day period. *Id.*

¶17. On appeal, this Court reviewed the evidence concerning the reason for the failure to effect service. *Id.* at 943-44. The plaintiff had given no explanation other than that the process server, an employee of her counsel's law firm, had neglected to follow instructions. *Id.* at 943. The record showed that service was not attempted within the 120-day period. *Id.* at 944. The Court attributed the failure of service to a possible "lack of communication and follow-up within the offices of [the plaintiff's] counsel." *Id.* We held that the trial court, in

8

finding the plaintiff had not shown good cause, was within its discretion, because "[t]he continuing failure to attempt service for four months, without adequate explanation, shows a lack of diligence beyond excusable neglect." *Id.*

¶18.    In *In re Holtzman*, 823 So. 2d 1180, 1181 (Miss. 2002), approximately five months after the plaintiff had missed the 120-day deadline, she filed a motion for an extension of time. At the hearing, the plaintiff's counsel asserted that the reason for the failure of service was that a newly hired file clerk had misfiled the complaint and summons, and the mistake had not been discovered until a routine file check. *Id.* at 1181-82. This Court affirmed the trial court's finding that the plaintiff had not shown good cause. The Court stated that, under the facts presented, "[t]here was not even a colorable argument that failure to timely serve process was anything other than inadvertence or mistake." *Id.* at 1184. And "ordinary attention to [counsel's] caseload would have led [him] to notice that he had received no answer . . . and to check his case file." *Id.* at 1183.

¶19.    Buckner argues that, because the status hearing was not transcribed, this Court cannot know the grounds upon which the trial court granted the extension of time. We disagree, because at the hearing on the defendants' dispositive motion, Buckner's counsel repeated the grounds, and they were accepted by the trial court as an accurate description of what had occurred at the status hearing. Further, it is manifest from the affidavit of Buckner's counsel and the application for entry of default that Buckner's counsel believed the defendants had been served with process and they had been brought under the jurisdiction of the trial court.

¶20.    We find that the evidence concerning Buckner's failure to serve the defendants within

9

the 120-day period is comparable to that in *Heard* and *Holtzman*. Buckner's counsel asserted that he had relied upon the process server's assertion that the defendants had been served. Counsel's belief that service had been achieved was evidenced by his filing of an affidavit to that effect with an application for entry of default when the defendants had failed to answer. However, a more attentive review of the file would have informed counsel that, because there was no return of service for the defendants, the reason they had failed to answer was that they had not been served with process. Evidently, Buckner's counsel did not check for a return of service until after the statute of limitations had expired, after the trial court had set a date for a status hearing, after he had filed an application for entry of default, and after opposing counsel, upon discovering the lawsuit, had notified him that their clients never had been served. In *Heard*, the Court found that counsel's lack of communication and follow-up concerning service constituted mistake or inadvertence. *Heard*, 937 So. 2d at 944. The conduct at issue here likewise manifested a lack of diligence and amounts to mistake or inadvertence. We find that the trial court abused its discretion in refusing to set aside the extension of time, because Buckner did not present substantial evidence to support a finding of good cause for the failure to serve the defendants within the 120-day period.

¶21. Additionally, we note that Buckner did not file a motion for extension of time before the 120-day period had elapsed. While there is no actual requirement that a motion for additional time be filed, "a plaintiff who – prior to expiration of the service period – files a motion representing that he or she has been unable to serve process, will more likely succeed in demonstrating diligence than a plaintiff who does nothing." *Montgomery*, 910 So. 2d at

10

546. Having found that the trial court abused its discretion by refusing to set aside the order granting an extension of time, we do not address the trial court's finding of excusable neglect and good cause for Buckner's failure to serve the defendants within the 120-day extension period.

¶22.    "Filing a complaint tolls the applicable statute of limitations 120 days, but if the plaintiff fails to serve process on the defendant within that 120-day period, the statute of limitations automatically begins to run again when that period expires." *Holmes*, 815 So. 2d at 1185 (citing *Watters*, 675 So. 2d at 1244). Because Buckner did not serve the defendants within the 120-day period and he was not entitled to an extension of time, his complaint was subject to dismissal. M.R.C.P. 4(h). Normally, as provided in Rule 4(h), the dismissal is to be without prejudice. *In re Holtzman*, 823 So. 2d at 1182 n.1. However, if the statute of limitations has run, then dismissal with prejudice is appropriate. *Id.*

¶23.    Under the Mississippi Tort Claims Act (MTCA), a one-year statute of limitations, along with tolling provisions, applied to Buckner's claim against Copiah County School District and its employee, Funches. Miss. Code Ann. § 11-46-11(3) (Rev. 2002). A few years ago, this Court acknowledged that it had been inconsistent in interpreting Mississippi Code Section 11-46-11, and that our decisions had been ambiguous. *Page v. Univ. of S. Miss.*, 878 So. 2d 1003, 1005 (Miss. 2004).

¶24.    The MTCA's one-year statute of limitations applies to claims against the State, a state agency, county, municipality, or other political subdivision. Miss. Code Ann. § 11-46-11(3) (Rev. 2002). Section 11-46-11 requires a plaintiff to file a notice of claim with the State or

11

a political subdivision and allows for the statute of limitations to be tolled for a certain amount of time, depending on the facts of the case. Notice of claim must be filed ninety days prior to filing suit. Miss. Code Ann. § 11-46-11(1) (Rev. 2002). But if the plaintiff receives a denial of notice of claim, the plaintiff may file suit without waiting the full ninety days. *Lee v. Mem'l Hosp. at Gulfport*, 999 So. 2d 1263, 1268 (Miss. 2008). The purpose of the notice requirement in the MTCA is to inform the governmental entity of the existence of a claim that may give rise to a lawsuit in the future. *Thornburg v. Magnolia Reg'l Health Ctr.*, 741 So. 2d 220, 224 (Miss. 1999).

¶25.   Likewise, this Court recently reconciled the apparent conflict between the language of Section 11-46-11(1) and that of Section 11-46-11(3). Section 11-46-11(1) provides, *inter alia*, that a claimant must file a notice of claim with the chief executive officer of the designated governmental entity at least ninety days prior to maintaining a cause of action in court. Section 11-46-11(3) provides, *inter alia*, that the one-year limitations period therein set out would be tolled for a period of time[2] upon the filing of the notice required under Section 11-46-11(1). In *Delta Regional Medical Center v. Green*, 43 So. 3d 1099 (Miss. 2010), this Court stated:

> It is well established that, once the claimant has met the notice requirements of Section 11-46-11(1), the claimant may file suit. The problem, however, lies within Section 11-46-11(3). As written, the phrase in Subsection (3) sits in direct conflict with the ninety-day notice requirement found in Section 11-46-

---

[2]The statute of limitations is tolled for a 95-day period if a state governmental entity is involved. But the statute of limitations is tolled for a 120-day period if a municipal or county governmental entity "or other political subdivision" is involved.

11(1). Today we clarify Subsection (3) and hold the phrase "during which no action may be maintained by the claimant unless the claimant has received a notice of denial of claim" to be unenforceable. From this day forward, Section 11-46-11(3) serves only to toll the statute of limitations. To hold otherwise would work an illogical burden on the claimant.

*Id.* at 1103-04.

¶26. Thus, once a notice of claim is properly filed (received by the statutorily designated official of the governmental entity), the 365-day statute of limitations applicable to MTCA cases may be tolled for either 95 or 120 days. Miss. Code Ann. § 11-46-11(3) (Rev. 2002). After the tolling period has passed, the running of the 365-day statute of limitations resumes. *Page*, 878 So. 2d at 1005.

¶27. "After the tolling period has expired, the claimant shall then have an additional ninety (90) days to file any action . . . ." Miss. Code Ann. § 11-46-11(3) (Rev. 2002). "This 90 days is in addition to the balance of the 365 days not used as of the date when notice was given." *Page*, 878 So. 2d at 1005. If the governmental entity denies the claim, the 95- or 120-day tolling period ends immediately, and "the additional 90 days is added to the remaining time left in the original one year period not used at the time notice was received." *Page*, 878 So. 2d at 1005. The plaintiff does not receive the full benefit of the 95- or 120-day tolling period if the governmental entity denies the claim prior to the expiration of the tolling period. *Id.*

¶28. In addition to the procedural requirements outlined in the MTCA, plaintiffs also are bound by our Rules of Civil Procedure. As previously discussed, of significant import in today's case is Rule 4(h), which requires plaintiffs to serve process on the defendants within 120 days of filing a complaint, or "the action shall be dismissed as to that defendant without

13

prejudice upon the court's own initiative with notice to such party or upon motion." M.R.C.P. 4(h). This Court has held that "filing of the complaint even without service of process tolls the . . . statute of limitations for the 120-day period allowed in M.R.C.P. 4(h)." *Owens v. Mai*, 891 So. 2d 220, 223 (Miss. 2005). Unless process is served within the 120-day period as provided by Rule 4(h), the running of the statute of limitations resumes." *Id.*

¶29. Turning to the facts before us, the defendants' allegedly tortious conduct occurred on December 15, 2006. It is undisputed that Buckner timely filed the notice of claim required by Mississippi Code Section 11-46-11(1). Miss. Code Ann. § 11-46-11(1) (Rev. 2002). However, we are never told, and the record does not reveal, when the required notice was received by the governmental entity, Copiah County School District, in order to trigger the tolling provisions of the MTCA. Miss. Code Ann. § 11-46-11(3) (Rev. 2002). Nor does the record reveal that Copiah County School District denied the claim.

¶30. On review of the trial court's summary judgment ruling, we consider evidentiary matters in the light most favorable to the nonmoving party. *Guidant Mut. Ins. Co. v. Indem. Ins. Co.*, 13 So. 3d 1270, 1275 (Miss. 2009). In calculating the limitations period applicable to Buckner's claim, we consider facts in the light most favorable to Buckner, and give Buckner the benefit of all available tolling provisions under the MTCA. Section 11-46-11(1) required Buckner to file the notice of claim ninety days prior to filing the lawsuit on October 30, 2007. But due to the operation of Section 11-46-11(3), Buckner was not required to file suit on the ninetieth day after filing the notice of claim. After the notice of claim is received, Section 11-46-11(3) gives a plaintiff either 95 or 120 days in which to file suit, depending on

14

the type of governmental entity involved. Miss. Code Ann. § 11-46-11(3) (Rev. 2002).

Because, under Section 11-46-1(i), Copiah County School District is a political subdivision,

the receipt of a notice of claim by Copiah County School District tolled the statute of

limitations for 120 days. Miss. Code Ann. § 11-46-11(3) (Rev. 2002). After that 120-day

tolling period expired, Buckner had an additional 90 days in which to file suit. Miss. Code

Ann. 11-46-11(3) (Rev. 2002). Therefore, to give Buckner the benefit of all the available

tolling provisions under the MTCA, we presume that Copiah County School District received

Buckner's notice of claim 210 (120 + 90) days prior to filing suit. Thus, because Buckner

filed suit on October 30, 2007, we presume that he filed the notice of claim 210 days earlier,

on April 3, 2007.

¶31.     On April 3, 2007, 109 days had run on the limitations period. As stated in the previous

paragraph, the receipt of the notice of claim by Copiah County School District tolled the

limitations period for 210 days under the provisions of Section 11-46-11(3), from April 3,

2007 to October 30, 2007. When Buckner filed the complaint on October 30, 2007, the

provisions of Rule 4(h) tolled the running of the limitations period for 120 days.[3] M.R.C.P.

4(h); *Owens*, 891 So. 2d at 223. Because Buckner did not effect service of process, the statute

of limitations resumed running on February 27, 2008, after the expiration of the 120-day

period provided by Rule 4(h). *See* M.R.C.P. 4(h); *Owens*, 891 So. 2d at 223. On that day,

---

[3] To avoid fostering confusion, we note that the 120-day period for service of process under Rule 4(h) of the Mississippi Rules of Civil Procedure is entirely separate and distinct from the 120-day tolling period under Section 11-46-11(3).

256 days remained of the one-year limitations period. Applying the rules for computation of time under Mississippi Rule of Civil Procedure 6(a), the limitations period expired on November 10, 2008. Considering the facts in the light most favorable to Buckner, because the statute of limitations had run before the defendants were served, dismissal with prejudice was proper. Therefore, we reverse the trial court's order denying the motion to set aside and for summary judgment, and render a judgment in favor of the defendants.

## CONCLUSION

¶32.    We find that, because substantial evidence did not support a finding of good cause for Buckner's failure to serve the defendants within the 120-day period, Buckner was not entitled to an extension of time to effect service. Therefore, the trial court abused its discretion by denying the defendants' motion to set aside the order granting the extension of time. Because the statute of limitations had expired, the complaint was subject to dismissal with prejudice. We reverse the trial court's decision and render a judgment in favor of the defendants.

¶33.    **REVERSED AND RENDERED.**

**WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, PIERCE AND KING, JJ., CONCUR. KITCHENS, J., NOT PARTICIPATING.**

16