LAMAR, Justice, for the Court:
¶ 1. In this interlocutory appeal, Lewis Entertainment, Inc., challenges the trial court’s denial of its motion to dismiss based on Carl and Carrie Brady’s failure to serve it timely with process Finding error, we reverse and render a judgment in favor of Lewis Entertainment, Inc.
FACTS AND PROCEDURAL HISTORY
¶ 2. Carl Brady fell and injured himself while roller skating at Extreme Skate Zone on June 14, 2009. Extreme Skate Zone is a nonentity that was owned by Lewis Entertainment, Inc. (Lewis) at the time of Carl’s fall. As a result of the fall, the Bradys sued Oak Grove Skating Rink, Inc. (“Oak Grove”), Extreme Skate Zone (“Extreme”), and John Does A through Z on the final day of the statute-of-limitations period. Oak Grove, a prior owner of Extreme, had no affiliation with Lewis. The court clerk issued a summons for both Oak Grove and Extreme. A summons was never issued for Lewis, as it was never named as a defendant.
¶ 3. The Bradys’ process server tried to serve Oak Grove at the skating rink on October 12, 2012, the 120th day after the complaint was filed. The skating rink was closed, but a woman in the parking lot informed the process server that “Melva Maples [the registered agent for Oak Grove] ha[d]n’t owned [Extreme Skate Zone] in about seven years[;] that her son own[ed] the skating rink. And he bought it from someone that had previously bought it from the Maples.” Despite being informed that Melva Maples was no longer the owner of Extreme, and even after learning Melva was deceased, the Bradys’ process server attempted to serve Melva’s widow on October 13, 18, and 25 of *398 2012,[1] but the widow would not accept the papers. There is no record of any corresponding attempts to identify or serve Extreme or Lewis.
¶ 4. One-hundred-sixty-seven days after the complaint was filed, the court clerk gave notice that the case would be dismissed under Rule 4 of the Mississippi Rules of Civil Procedure unless the Bradys showed good cause why service had not been completed. Twenty-three days later, the Bradys moved for additional time to serve process but failed to set the motion for hearing, and the court never issued a ruling.
¶ 5. On January 8, 2013, 209 days after the complaint was filed, the Bradys’ process server delivered the summons for both Oak Grove and Extreme to Stacy Graves, a manager at Extreme.[2] On February 7, 2013, Lewis filed a motion to dismiss.[3] The trial court denied Lewis’s motion, finding that the Bradys’ multiple attempts to serve process on Oak Grove constituted good cause for the lack of timely service on Lewis. Lewis filed a motion for interlocutory appeal, which this Court granted on August 6, 2013.
STANDARD OF REVIEW
¶ 6. Determining whether there is good cause for failure to serve process is “a discretionary ruling on the part of the trial court and [is] entitled to deferential review of whether the trial court abused its discretion and whether there was substantial evidence supporting the determination.” [4] On the other hand, determining whether there should have been an extension of time is a question of law which this Court reviews de novo.[5]
LAW AND ANALYSIS
¶ 7. The sole issue on appeal is whether the trial court erred in denying Lewis’s motion to dismiss based on the Bradys’ failure to timely serve it with process. Because Lewis is a corporation, it must be served through an agent, according to Rule 4(d)(4) of the Mississippi Rules of Civil Procedure, which states that process should be made:
Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.[6]
Service on that agent still must be made in accordance with Rule 4(h) of the Mississippi Rules of Civil Procedure, which provides that:
[A] failure to serve process within 120 days will only cause a complaint to be dismissed if the plaintiff cannot show good cause for failing to meet the deadline. Filing a complaint tolls the applicable statute of limitations 120 days, but if the plaintiff fails to serve process on the defendant within that 120-day period, the statute of limitations automatically begins to run again when that period expires. Watters v. Stripling, 675 So.2d 1242, 1244 (Miss.1996). A plaintiff who does not serve the defendant within *399 the 120 day period must either re-file the complaint before the statute of limitations ends or show good cause for failing to serve process on the defendant within that 120 day period; otherwise, dismissal is proper. Id. at 1244; Brumfield v. Lowe, 744 So.2d 383, 387 (Miss.Ct.App.1999). The plaintiff bears the burden of establishing good cause. M.R.C.P. 4(h).[7]
¶ 8. The Bradys failed to serve process on Lewis within the 120-day period, and, because the statute-of-limitations period ran the day after the 120-day period ended, refiling the complaint was not an option.[8] Thus, the only way for the Bradys to keep their case alive was to show good cause for their failure to serve timely process on Lewis.
¶ 9. To establish good cause, the plaintiff has the burden to show “at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules does not suffice.”[9] When making a good-cause determination, the following factors should be considered:
a. the conduct of a third person, typically the process server,
b. the defendant has evaded service of the process or engaged in misleading conduct,
c. the plaintiff acted diligently in trying to effect service or there are understandable mitigating circumstances, or
d. the plaintiff is proceeding pro se or in forma pauperis.[10]
The Bradys are not proceeding pro se or in forma pauperis and nothing in the record suggests that their failure to timely serve Lewis is attributable to the conduct of a third person or to Lewis. The Bradys simply claim their failure to serve Lewis is justified by their attempts to serve Oak Grove. We disagree.
¶ 10. The Bradys waited until the last day of the 120-day period to attempt to serve Oak Grove.[11] On that day, their process server learned that the Bradys had named the wrong defendant, but, instead of identifying the correct defendant, the Bradys continued to attempt service on the wrong party for two weeks. The Bra- *400 dys also failed to request additional time to serve process until seventy days after the 120-day period expired and three weeks after they were informed that their case was going to be dismissed. And, even after they filed a motion for additional time, they failed to set it for hearing and have yet to name the proper defendant.
¶ 11. This Court has repeatedly found a lack of good cause for conduct less egregious than that at issue here.[12] For instance in Copiah County School District v. Buckner, Buckner failed to serve either defendant within the 120-day period after he filed his complaint.[13] On the day that he filed his complaint, Buckner had summons issued for each defendant and mistakenly believed that both defendants had both been served that day as well.[14] Service actually had not been completed, and more than a year after the complaint was filed, the trial court ordered a status hearing.[15] Operating under the belief that the defendants had been served and had not answered, Buckner filed for an entry of default.[16] It was not until Buckner’s counsel received a letter from defense counsel stating that the defendants had not been served that he realized he had been misinformed by his process server.[17] The trial court gave Buckner a 120-day extension but did not fax Buckner a copy of the order until two days after the second 120-day period had expired.[18] As a result, Buckner served one defendant two days late and the other defendant three days late.[19] The defendants moved to dismiss Buckner’s claims with prejudice because he had failed to serve them timely and the statute of limitations had expired.[20] The trial court denied the defendants’ motion, finding “that the evidence satisfies the standards required for a finding of excusable neglect and good cause and [pjlaintiffs service of process under the circumstances should be accepted as proper.”[21] On interlocutory appeal, this Court reversed and rendered a judgment in favor of the defendants, holding that Buckner’s reliance on the process server and failure to independently review the file “manifested a lack of diligence ... [and] that the trial court abused its discretion ... because Buckner did not present substantial evidence to support a finding of good cause for the failure to serve the defendants within the 120-day period.”[22]
¶ 12. The Bradys’ lack of diligence is more severe than that at issue in Buckner, as there is no evidence to suggest the Bradys were misled by their process server. The Bradys knew service had not been completed during the 120-day period, and they knew they were attempting to serve the wrong defendant. Additionally, unlike Buckner, the Bradys have yet to *401 name or serve Lewis. As a result, the Bradys’ case should be dismissed.
CONCLUSION
¶ 13. The Bradys have yet to name Lewis Entertainment, Inc., as a defendant or to serve it with process. Their repeated attempts knowingly to serve an unrelated entity do not constitute good cause, as it was their responsibility to identify and serve the proper defendant. The Bradys’ case should have been dismissed, and, because the statute-of-imitations period expired in 2012, the dismissal should have been with prejudice. The order of the Lamar County County Court is reversed, and judgment is rendered in favor of Lewis Entertainment, Inc.
¶ 14. REVERSED AND RENDERED.
WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.

. These were the 121st, 126th, and 133 days after the complaint was filed.

. Daniel Lewis — not Stacy Graves — was Lewis's registered agent.

. This is the first time Lewis appeared in the case. It appeared as Lewis Entertainment, Inc., d/b/a Extreme Skate Zone (incorrectly named in Plaintiffs Complaint as “Extreme Skate Zone").

. Rains v. Gardner, 731 So.2d 1192, 1197 (Miss.1999).

. Id. at 1198.

. M.R.C.P. 4(d)(4).

. Holmes v. Coast Transit Auth., 815 So.2d 1183, 1185 (Miss.2002); see also Copiah County Sch. Distr. v. Buckner, 61 So.3d 162, 170-71 (Miss.2011).

. Brady had from June 14, 2012, when the complaint was filed, to October 12, 2012, to serve Lewis with process in order comply with Rule 4(h). The Bradys looked up Oak Grove Skating Rink’s registered agent on the Mississippi Secretary of State’s Business Services website, and their process server did attempt to serve Oak Grove’s registered agent, Melva Maples. However, these attempts were not until October 12, October 13, October 18, and October 25, which were the 120th, 121st, 127th, and 133 days after the complaint was filed. Brady finally delivered the summons for Oak Grove and Extreme to Stacy Graves, a manager at Extreme, on January 14, 2013, four months after the 120-day time period lapsed. Stacy Graves was not the registered agent for Oak Grove or Extreme.

. Watters, 675 So.2d 1242, 1243 (Miss.1996) (quoting Systems Signs Supplies v. United States Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir.1990)); see also In re Holtzman, 823 So.2d 1180, 1183 (Miss.2002) (holding that failure to review cases as well as filing errors are clear examples of "simple inadvertence or mistake of counsel”).

. Holmes v. Coast Transit Auth., 815 So.2d 1183, 1186 (Miss.2002) (citing 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1137, 342 (3d ed.2000)); see also Montgomery v. SmithKline Beecham Corp., 910 So.2d 541, 545 (Miss.2005) (holding that, to show good cause, a plaintiff must be diligent in attempting to serve process).

. In its order, the trial court mistakenly stated that "the [Bradys] made several attempts to effect service of process prior to the expiration of the initial 120-day time period.”

. See Webster v. Webster, 834 So.2d 26, 29 (Miss.2002) (holding that "attempts to serve someone at an incorrect address and one solitary address during a four-month period of time does not constitute diligence”); Bacou-Dalloz Safety, Inc. v. Hall, 938 So.2d 820, 823 (Miss.2006) (holding that service of process at an incorrect address or with an incorrect name, in addition to a continued failure to serve process after being informed of the inaccuracies shows a lack of good cause).

. Copiah County Sch. Dist. v. Buckner, 61 So.3d 162, 167 (Miss.2011).

. Id. at 164.

. Id.

. Id.

. Id.

. Id. at 164-65.

. Id.

. Id. at 165.

. Id.

. Id. at 168.