# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-IA-00485-SCT

*OFFICER JOE EDNEY IN HIS INDIVIDUAL AND*
*OFFICIAL CAPACITIES*

*v.*

*CARLOS WILLIAMS*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/20/2017 |
| TRIAL JUDGE: | HON. MARGARET CAREY-McCRAY |
| TRIAL COURT ATTORNEYS: | CARLOS EUGENE MOORE |
| | ANDREW N. ALEXANDER, III |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ANDREW N. ALEXANDER, III |
| ATTORNEY FOR APPELLEE: | CARLOS EUGENE MOORE |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 12/13/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., KING AND ISHEE, JJ.**

**KING, JUSTICE, FOR THE COURT:**

¶1.     Officer Joe Edney appeals from the trial court's holding that Carlos Williams had established good cause for his failure to serve process within the statutory time period. We find that the trial court abused its discretion in failing to consider in its analysis of good cause Williams's four-and-a-half-year delay in pursuing this action. Therefore, we reverse the trial court's decision and remand this case to the trial court to include the length of delay in its analysis of good cause.

## FACTS AND PROCEDURAL HISTORY

¶2.     On or about February 8, 2008, while employed in the Special Operations Unit with

the Greenville Police Department, Officer Edney was involved in the arrest of Williams. Williams alleged that Officer Edney had attempted to stop a vehicle in which Williams had been a passenger. The driver of the vehicle continued driving for approximately four blocks, then stopped the vehicle, exited, and started running. Williams also ran until Officer Edney demanded that he stop. Williams stated that after he surrendered, Officer Edney began screaming at him obscenities, threats, and racial slurs. Williams alleged that Officer Edney then sprayed Williams with mace and kicked and stomped Williams in the face, neck, and shoulder, causing him injuries.

¶3.     On March 11, 2010, Williams filed a complaint against Officer Edney, in his individual and official capacities, in the Washington County Circuit Court. Corporal Vernon Jackson, now deceased, was to serve process on Officer Edney. Corporal Jackson indicated on the return of service that personal service had been made on Officer Edney on March 29, 2010.

¶4.     On July 16, 2010, Williams filed an application for entry of default, stating that Officer Edney had failed to respond to the complaint. The circuit clerk docketed the entry of default judgment that same day. Williams then filed a motion for default judgment on the issue of liability and for a trial setting on the issue of damages. The circuit court entered default judgment on liability on November 18, 2010, and ordered a separate hearing to be held to determine damages. Although the hearing on damages originally was set to commence June 3, 2011, counsel for Williams requested and was granted a continuance.

¶5.     For reasons unclear from the record, the case remained stagnant until four and a half

2

years after the entry of default judgment. On April 30, 2015, the circuit court entered an order stating that because Williams had failed to notify or name the City of Greenville as a party, the claims against Officer Edney in his official capacity must be dismissed. The trial court then awarded damages in favor of Williams against Officer Edney individually in the amount of $6,000, in addition to $3,000 in attorneys' fees and $300 in costs.

¶6. On July 30, 2015, Officer Edney filed a Motion and Memorandum for Relief from Judgment Pursuant to Rule 60(d) of the Mississippi Rules of Civil Procedure. In support of the motion, Officer Edney stated that, on or about July 5, 2015, he checked his mailbox in Boyle, Mississippi, and found a "Final Judgment" in this action. The attorney for Williams had sent the final judgment to the Greenville Police Department, which had forwarded the judgment to Officer Edney. Officer Edney averred that receipt of the judgment was the first time he became aware that a lawsuit had been filed. Because Officer Edney had not been personally served with process, he contended that the trial court had not acquired jurisdiction over him. Instead, Officer Edney alleged that Corporal Jackson had delivered the summons and complaint to another Greenville Police Department employee, Yolanda Netterville. He stated that Netterville's signature, not his, appeared on the proof of service. Officer Edney stated that he had never authorized Netterville to receive service of process for him. Thus, Officer Edney argued the default judgment entered against him was void.

¶7. Angelia Sorrell, the records clerk for the Washington County Sheriff's Department, submitted an affidavit stating that Netterville's signature appeared on the proof of service. She also wrote that a notation in the docket book located at the sheriff's department indicated

3

that Corporal Jackson had not served Officer Edney but that he had served Netterville instead. Sorrell averred that she had mailed the service of process to the Moore Law Office on March 30, 2010. Sorrell then submitted a supplemental affidavit and certification of record, in which she certified and authenticated a page from the Washington County Sheriff's Department Civil Docket Book 45, Page 59. The page in the docket book stated under the column "How Executed" that Corporal Jackson had "served Yolanda Netterville."

¶8. Netterville submitted an affidavit stating that in 2010, she had been employed by the Greenville Police Department as a clerk. She stated that her signature appeared on the first page of the Summons under the language, "I HAVE RECEIVED A COPY OF THIS PROCESS THIS DATE." Netterville stated that Officer Edney had never authorized her to accept service of process or any other document on his behalf. She further stated,

> My practice, when I was served with a summons or other document issued for another Greenville Police Department employee was, after signing for receipt of the document, I would place it in the "in-box" for the department in which the employee worked. I presume that I did this with regard to Officer Edney's Summons and Complaint. I have no knowledge concerning what subsequently happened to the documents, or whether [O]fficer Edney ever saw them.

Williams submitted a response in opposition to the motion, arguing that the signature on the front of the summons was unclear and that Officer Edney's name could not be ruled out. Further, Williams argued that no objective evidence had been presented to show that Netterville did not have authority to accept service on Officer Edney's behalf.

¶9. The trial court held a hearing on the motion on September 9, 2015. The court found that Officer Edney's motion for relief from judgment was well-taken and held that the court had not acquired jurisdiction over Officer Edney because of improper service of process. The

4

court ordered the entry of default, the default judgment, and the order of the court awarding damages to be set aside. Counsel for Williams immediately made an *ore tenus* motion for an additional 120 days within which to serve Officer Edney with a copy of the summons and complaint. The trial court reserved ruling and ordered the parties to brief the issue of whether the dismissal should be with or without prejudice. At the conclusion of the hearing, counsel for Williams handed a copy of the summons and complaint to Officer Edney.

¶10. Subsequently, Officer Edney filed a motion to dismiss, in which he argued that the three-year statute of limitations of Mississippi Code Section 15-1-49 had expired.[1] Williams contended that he should be allowed to begin the lawsuit anew because he had demonstrated a good-faith effort to serve Officer Edney. The trial court found in favor of Williams, holding that Williams had established good cause by showing that he had a reasonable belief that service had been made properly within the statutory period. The trial court granted Williams an additional thirty days from September 6, 2016, to serve process in this case.

¶11. Williams then served process on Officer Edney on October 11, 2016, five days after the extension period had expired. On November 8, 2016, Officer Edney filed a motion to quash the untimely summons and to dismiss the action with prejudice. Williams filed a motion for extension of time to serve Officer Edney on November 18, 2016, stating that

---

[1]Mississippi Code Section 15-1-49(1) provides,

All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.

Miss. Code. Ann. § 15-1-49(1) (Rev. 2012).

5

counsel for Williams had "suffered five death threats related to litigation to remove the state flag," and arguing that Williams should not be penalized.

¶12. The trial court found that Williams had failed to timely serve process within the additional time granted by the trial court and had failed to establish good cause for the untimely service of process. The court then dismissed the action without prejudice. Williams made an *ore tenus* request for reconsideration and argued for the first time that he had served Officer Edney with process at the September 9, 2015, hearing. The trial court found that counsel for Williams had served Officer Edney at the September 9, 2015, hearing, which was well within the additional thirty-day extension. The court vacated its prior ruling granting Officer Edney's motion to dismiss the action and returned the case to the trial court's docket.

¶13. Officer Edney now appeals and argues, first, that because Williams failed to obtain personal jurisdiction by proper service of summons and complaint prior to the expiration of the three year statute of limitations, the trial court erred in failing to dismiss the action with prejudice. Officer Edney argues in the alternative that the trial court erred in failing to dismiss the case with prejudice because Williams failed to comply with the trial court's thirty-day extension for service of process. Because the first issue is dispositive, we decline to address Officer Edney's second issue.

**DISCUSSION**

¶14. This Court reviews de novo the trial court's grant or denial of a motion to dismiss. *Johnson v. Rao*, 952 So. 2d 151, 154 (Miss. 2007). "M.R.C.P. 4(h) requires service of the summons and complaint within 120 days of filing of the complaint or the action shall be

dismissed without prejudice unless 'good cause' can be shown as to why service was not made within that period." ***Crumpton v. Hegwood***, 740 So. 2d 292, 293 (Miss. 1999). A trial court's finding on the existence of good cause for a delay in service of process is a finding of fact and is entitled to deferential review. ***Holmes v. Coast Transit Auth.***, 815 So. 2d 1183, 1185 (Miss. 2002) (citation omitted). The plaintiff bears the burden of establishing good cause. ***Lewis Entm't, Inc. v. Brady***, 142 So. 3d 396, 399 (Miss. 2014).

¶15.    Officer Edney first argues that because Williams failed to serve Officer Edney with process, the statute of limitations in this case expired. He avers, therefore, that the trial court erred in failing to dismiss Williams's case with prejudice. In contrast, Williams argues that he had in fact served Officer Edney with process shortly after filing his complaint. As this Court has held, "[f]iling a complaint tolls the applicable statute of limitations 120 days, but if the plaintiff fails to serve process on the defendant within that 120-day period, the statute of limitations automatically begins to run again when that period expires." ***Brady***, 142 So. 3d at 398 (quoting ***Watters v. Stripling***, 675 So. 2d 1242, 1244 (Miss. 1996)). The incident that Williams complained of occurred on February 8, 2008. Pursuant to Mississippi Code Section 15-1-49, Williams was required to file his lawsuit within three years after the cause of action accrued. Miss. Code Ann. § 15-1-49 (Rev. 2012). On March 11, 2010, Williams filed his complaint against Edney. At that point, the statute of limitations was tolled for 120 days pending service of process upon the defendant, leaving 334 days remaining on the statute of limitations. Officer Edney argues that because he was not properly served, the statute of limitations began running again on July 9, 2010, and that it expired on June 8,

7

2011.

¶16.    This Court agrees. Although Williams argues that Netterville had authority to accept process on Officer Edney, the evidence in the record fails to support that contention. Mississippi Rule of Civil Procedure 4(d) provides that the "summons and complaint shall be served together." M.R.C.P. 4(d). Service shall be made upon an individual "by delivering a copy of the summons and of the complaint to him personally *or to an agent authorized by appointment or by law to receive service of process. . . .*" *Id.* (emphasis added). Because Officer Edney submitted sufficient evidence showing that Corporal Jackson had served Netterville and not Officer Edney, service of process was effective on Officer Edney only if Netterville had been Officer Edney's agent. "This Court has defined the word agent, '[to] include only agents vested with some general authority and discretion, and not to extend to mere employees having no independent powers.'" ***Johnson***, 952 So. 2d at 154 (citation omitted).

¶17.    "In order for a person to accept service of process on behalf of another, Rule 4(d) requires that the person be an 'agent authorized by appointment or law to receive service of process.'" ***Lewis v. Forest Family Practice Clinic, P.A.***, 124 So. 3d 654, 656-57 (Miss. 2013) (citing M.R.C.P. 4(d)). In ***Lewis***, the process server for the plaintiff testified that he had personally served the defendant doctor with process and that he had relied on the return of process that indicated that he had done so. ***Id.*** at 656. The defendant, however, testified that the process server had instead served the clinic's cashier and that he had never received any documents from the process server on that day. ***Id.*** This Court found that the cashier had

8

no authority to accept process for the doctor or his practice. *Id.* at 657.

¶18.    Here, Officer Edney submitted an affidavit stating that he had "never authorized anyone, including Yolanda Netterville, to accept service of process for [him]. . . ." Officer Edney additionally testified that he had never before been served a subpoena at the Greenville Police Department. Netterville also submitted an affidavit stating that Officer Edney had never authorized her to accept service of process or any other documents on his behalf. Netterville did, however, state that "her practice" when she was served with summons was to sign for the receipt of the document and place the document in the "in-box" for the department in which the employee worked. Williams argues that this vested Netterville with authority to accept process for Officer Edney.

¶19.    Williams cites *Williams v. Kilgore*, in which this Court stated, "we find nothing in our case law which precludes the acceptance of service of process by an agent such as an office manager, who, by custom and practice, is vested with apparent authority to do so." *Williams v. Kilgore*, 618 So. 2d 51, 56 (Miss. 1992). The process server in that case had served the office manager of a doctor's office. *Id.* Although both the doctor and the office manager testified that the office manager was not authorized to accept service of process, the process server testified that on many occasions the office manager had accepted service on behalf of the defendant and on behalf of the other doctors in the office. *Id.* This Court stated that because the deputy had previously served process on the defendant and other physicians in the office and because the office manager had accepted the documents, process appeared to have been properly served. *Id.*

9

¶20.     This case can be distinguished. A clerk who is employed in one division of a police department does not carry the same apparent authority for the police department as a whole as carries an office manger for a doctor's office. The parties do not dispute that Netterville had not been Officer Edney's personal clerk or even a clerk in Officer Edney's division of the police department. Netterville had been employed as a clerk in the criminal-investigations division of the Greenville Police Department. Officer Edney stated that he had been employed in the felony-narcotics division. In fact, Officer Edney testified that his office had been separate from the police department. Therefore, unlike in *Lewis* and in *Williams*, Netterville merely was a coworker of Officer Edney's and was not employed by Officer Edney.[2] Although Netterville stated that she had accepted process for other officers before, this statement fails to convey that she had been authorized to accept process for the entire police department. Netterville also was not called to testify to further develop her affidavit. In addition, the process server here was unable to testify whether or not he had previously served Netterville with process for other officers.

¶21.     Accordingly, the trial court did not err in its determination that Netterville had lacked authority to accept service on Officer Edney's behalf. The statute of limitations therefore began to run again 120 days after Williams filed his complaint, and it subsequently expired. Because the statute of limitations has expired, this Court must determine whether the trial

---

[2]*See generally **Ogunbor v. May**, 204 So. 3d 840 (Miss. Ct. App. 2016) (holding that service upon defendant's coworker was inadequate), *cert. denied*, 205 So. 3d 1083 (Miss. 2016); **Anthony v. Gary J. Rotella & Assocs., P.A.**, 906 So. 2d 1205, 1208 (Fla. Dist. Ct. App. 2005) ("Thus, the trial court had no legitimate basis to find that Anthony waived his right to personal service or that his co-worker was authorized to waive his rights for him.").

court erred in determining whether Williams established good cause for his failure to serve process. This Court has previously held that, "at a minimum, a plaintiff attempting to establish 'good cause' must show 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Holmes*, 815 So. 2d at 1186 (citations omitted).

¶22. We find that the trial court abused its discretion in its analysis of good cause. Corporal Jackson's indication on the proof of service that he had personally served Officer Edney is a factor in favor of finding good cause. The analysis does not end there, however. Williams's lengthy delay in pursuing this action should be considered in the good cause analysis.

¶23. The trial court wrote in its order denying Officer Edney's motion to dismiss that Williams had established good cause and stated,

> It is undisputed that the Plaintiff attempted to serve Officer Edney with process within the 120-day time limit. Accordingly, it cannot be said that the Plaintiff did not act diligently. The process server's return indicated that service was properly completed. Counsel was not, therefore, alerted by written return or otherwise of any potential problem. Plaintiff was not aware of a defect in service of process until Officer Edney's Motion for Relief from Judgment was filed. As noted in *Spurgeon* [*v. Egger*], "good cause is likely to be found when the plaintiff's failure to complete service in a timely fashion is the result of the conduct of a third person, typically the process server." *Spurgeon* [*v. Egger*], 989 So. 2d [901,] 907 [(Miss. Ct. App. 2007)]. Although service was not properly effected through the clerk at the Greenville Police Department, the Court finds that Plaintiff had a reasonable belief that service was properly made within the statutory period. Good [c]ause is established.

The trial court, however, failed to take into account Williams's lack of diligence in pursuing the action. "To meet the burden of proof of good cause, the plaintiff must demonstrate that a diligent effort was made to effect timely service. The plaintiff must show more than that

11

service failed due to 'simple inadvertence or mistake of counsel or ignorance of the rules.'" *Copiah Cty. Sch. Dist. v. Buckner*, 61 So. 3d 162, 166 (Miss. 2011) (citations and quotations omitted) (holding that "placing blame upon a process server, without more, is insufficient to demonstrate good cause. The plaintiff must make a showing of diligence in seeking to effect service.")). Williams filed his complaint on March 11, 2010. On November 17, 2010, the trial court entered a default judgment against Officer Edney. Yet it was not until April 22, 2015, four and a half years later, that the trial court entered an order on damages. This Court previously has stated that the primary purpose of statutes of limitation is to "compel the exercise of a right of action within a reasonable time. . . . They are designed to suppress assertion of false and stale claims, when evidence has been lost, memories have faded, witnesses are unavailable, or facts are incapable of production because of the lapse of time." *Miss. Dept. of Pub. Safety v. Stringer*, 748 So. 2d 662, 666 (Miss. 1999) (quoting *Smith v. Sneed*, 638 So. 2d 1252, 1263 (Miss. 1994)).

¶24. More than ten years has passed since the incident that Williams complains of occurred. Counsel for Officer Edney asserted that two-thirds of the witnesses that were involved in the case would be unavailable now due to the length of time that has passed since the incident in question. Had Williams been diligent in pursuing the action, Officer Edney might have learned of this action before it became "stale." Because the trial court abused its discretion in failing to consider the length of delay, we reverse the trial court's decision and remand this case with instructions for the trial court to factor Williams's length of delay in pursuing the action into its analysis of good cause.

12

## CONCLUSION

¶25.    Because the trial court abused its discretion in failing to consider Williams's length of delay in pursuing the action in its analysis of good cause, we reverse the trial court's decision and remand this case for proceedings consistent with this opinion.

¶26.    **REVERSED AND REMANDED.**

**WALLER, C.J., RANDOLPH, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. KITCHENS, P.J., NOT PARTICIPATING.**