# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CA-00342-COA

**CYNTHIA McNAIR**                                    **APPELLANT**

**v.**

**J.F.M., INC.**                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/21/2020 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | VANESSA J. JONES |
| ATTORNEYS FOR APPELLEE: | WILLIAM HARRY ECKERT |
| | ROY A. NOWELL JR. |
| | MICHAEL J. TARLETON |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 07/27/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., WESTBROOKS AND SMITH, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     This appeal stems from a premises liability case filed by Cynthia McNair against J.F.M., Inc., related to a "slip and fall" at a Junior Food Mart convenience store in Hattiesburg, Mississippi.  McNair appeals the trial court's grant of J.F.M.'s motion to dismiss her complaint with prejudice because it was not filed within the statute of limitations.  Finding no error, we affirm.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.     The following facts are the only ones in the scarce record before the Court.[1]  On

---

[1] The record includes twenty-eight pages of court documents and an eight-page transcript.

November 6, 2014, when McNair was shopping at a Junior Food Mart convenience store on West 7th Street in Hattiesburg, Mississippi, she slipped on a large puddle of standing water and fell, injuring her neck and back. McNair filed an initial complaint, which is not at issue in this appeal, against J.F.M. on October 24, 2017, in the Forrest County Circuit Court, thirteen days before the three-year statute of limitations expired. Due to improper service of process, J.F.M. ultimately moved to dismiss the complaint with prejudice.[2]

¶3. On August 15, 2019, the judge signed an order of dismissal without prejudice due to McNair's failure to serve process properly or show good cause why J.F.M. was not served within 120 days under Mississippi Rule of Civil Procedure 4(h). The order was filed with the circuit court clerk the next day. McNair's counsel, however, stated she did not receive the order until August 26, 2019, via the United States Postal Service.[3]

¶4. On September 5, 2019, McNair refiled her complaint. On November 5, 2019, J.F.M. was properly served with process containing the second complaint. On November 27, 2019, J.F.M. filed a motion to dismiss McNair's second complaint with prejudice, claiming the action was barred by the statute of limitations. J.F.M. explained that when McNair filed her initial complaint on October 24, 2017, there were thirteen days remaining before the three-

---

[2] In a motion to dismiss under Rule 12(b)(6), "the allegations in the complaint must be taken as true." *Covington Cnty. Bank v. Magee*, 177 So. 3d 826, 828 (¶5) (Miss. 2015).

[3] The facts and pleadings related to the initial complaint are somewhat relevant to the issues before the Court, but they are not on appeal. The initial summons, complaint, and order of dismissal are listed as exhibits to J.F.M.'s motion to dismiss the current action, but they were not attached to the motion in this Court's or the circuit court's record. McNair, however, admits to the accuracy of these documents, dates, and reason for dismissal of the initial complaint in her response to the current motion to dismiss.

year statute of limitations expired; therefore, J.F.M. argued McNair had thirteen days from August 16, 2019, to refile her complaint before the statute of limitations expired on August 29, 2019. J.F.M. claimed McNair's second complaint, filed on September 5, 2019, was at least seven days late. McNair, however, responded that the statute of limitations did not begin to run again until August 26, 2019, when her counsel received by mail the order setting aside the first complaint.

¶5.     A hearing on the motion was held before Judge Robert Helfrich, a different judge than the one who heard the proceedings on the initial complaint. In February 2020, Judge Helfrich agreed with J.F.M., finding the second complaint was not filed within the statute of limitations and dismissed the second complaint with prejudice. McNair now appeals.

**ANALYSIS**

¶6.     The relevant issue before this Court is whether the statute of limitations ran before the filing of McNair's second complaint. McNair, however, does not raise this issue in her opening brief but instead addresses it in her reply brief in response to J.F.M.'s arguments. In her opening brief, McNair focuses on issues related to the initial complaint, which is not before us. Accordingly, we shall discuss the propriety of the dismissal of the second complaint and then summarily address McNair's arguments related to the initial complaint.

¶7.     This Court's standard of review is as follows: "The [circuit] court's grant of a motion to dismiss based upon the statute of limitations presents a question of law to which this Court applies de novo review." *Anderson v. R & D Foods Inc.*, 913 So. 2d 394, 397 (¶7) (Miss. Ct. App. 2005).

## I.      Statute of Limitations

¶8.      When McNair filed her initial complaint on October 24, 2017, based on the incident on November 6, 2014, there were thirteen days left before the statute of limitations expired. The filing of the complaint tolled the statute of limitations.  J.F.M. asserts that at the latest, the statute of limitations remained tolled until the date the order of dismissal was entered, or August 16, 2019, and expired thirteen days later on August 29, 2019, before the second complaint was filed on September 5, 2019.  In contrast, McNair argues that the statute of limitations remained tolled until August 26, 2019, when her counsel received the order of dismissal, and thus, her second complaint was filed before the statute of limitations expired on September 9, 2019.  Both calculations are incorrect.

¶9.      The statute of limitations for a negligence claim in Mississippi is three years.  *See* Miss. Code Ann. § 15-1-49 (Rev. 2019).  "The filing of an action tolls the statute of limitations until the expiration of the 120-day service period."  *Triple C Transport Inc. v. Dickens*, 870 So. 2d 1195, 1199 (¶32) (Miss. 2004) (quoting *Watters v. Stripling*, 675 So. 2d 1242, 1244 (Miss. 1996)).  However, if "the plaintiff fails to serve process on the defendant within that 120-day period, the statute of limitations automatically begins to run again when that period expires."  *Id.* at 1200 (¶34) (quoting *Holmes v. Coast Transit Auth.*, 815 So. 2d 1183, 1185 (¶7) (Miss. 2002)).  "In order to further toll the statute of limitations, the plaintiff must . . . refile the complaint before the statute of limitations ends, or show good cause for failing to serve process on the defendant within that 120-day period; otherwise,

4

dismissal is proper."[4]  *Id.*

¶10.    Under *Triple C*, Mississippi law is clear that once the initial complaint was filed, the statute of limitations was tolled for 120 days.  However, McNair did not properly serve J.F.M. with her initial complaint; therefore, the statute of limitations automatically began to run again after the 120-day period, or February 21, 2018, and expired thirteen days later, on March 6, 2018.  The statute of limitations expired over a year before the trial court dismissed the first complaint without prejudice on August 16, 2019.

¶11.    Neither J.F.M. nor McNair cite authority in support of their respective arguments regarding the statute of limitations being triggered by the filing or receipt of the order of dismissal.  J.F.M. argued that at the latest, the statute of limitations was tolled until the trial court entered the order of dismissal on August 16, 2019.[5]  McNair argued before the trial court and in her reply brief that the statute of limitations remained tolled until she actually received a copy of the order of dismissal on August 26, 2019; therefore, McNair maintains

---

[4] The plaintiff's showing of good cause for failure to serve process within 120 days relates to the initial complaint and must be made in the initial action.  *Lewis Entertainment Inc. v. Brady*, 142 So. 3d 396 (Miss. 2014), is instructive.  In an interlocutory appeal of a premises-liability case, the Mississippi Supreme Court reversed the circuit court's denial of the defendant's motion to dismiss for failure to serve timely process.  *Id.* at 397 (¶1).  The plaintiff failed to serve process on the defendant within the 120-day period.  *Id.* at 399 (¶8).  Because the statute of limitations expired one day after the 120-day period ended, refiling the complaint was not an option.  *Id.*  Therefore, the only way for the plaintiff "to keep [the] case alive was to show good cause for [the] failure to serve timely process" of the complaint to the defendant.  *Id.*

[5] At the hearing before the trial court, J.F.M. did cite the proper authority of *Watters*, *Triple C*, and *Holmes*, regarding the statute of limitations beginning to run automatically. J.F.M. took the position that "at the latest," the statute of limitations began to run after the filing of the order of dismissal.  As stated, there was no authority to support the running of the statute of limitations from either the date of the order's filing or receipt.

5

that the filing of her second complaint on September 5, 2019, was within the thirteen days remaining in the statute of limitations. However, the date of the order is not applicable; Mississippi law is clear that the statute of limitations automatically starts to run again after the expiration of the 120-day period.

¶12. Because McNair did not file her second complaint until September 5, 2019, after the limitations period expired, the trial court's dismissal with prejudice was proper.

## II. McNair's Issues Related to the Initial Complaint

¶13. McNair raises two issues in her opening brief, both of which relate to the initial complaint: whether there was sufficient evidence for the complaint to survive a motion to dismiss, and whether service of process of the first complaint was made on the proper agent, which would preclude the complaint's dismissal. However, the initial complaint is not at issue here, and no appeal was taken in that action. Further, none of the facts supporting McNair's argument are in the record. Accordingly, these issues are not properly before the Court. *Shelton v. Kindred*, 279 So. 2d 642, 644 (Miss. 1973).

¶14. Lastly, McNair argues that her second complaint was filed within the 120-day deadline for service of process and therefore should not have been dismissed. She contends that the timing for service of process for the initial complaint started the date it was filed, October 24, 2017; stopped on November 14, 2017, when she served the store employee; and restarted on August 15, 2019, when the trial court ruled she served the wrong agent. She thus claims she had ninety-nine days remaining to serve the correct agent with the second complaint, which she did on November 5, 2019, sixty-one days after it was filed, well within

the 120-day time-frame.

¶15.   McNair's argument on service of process, however, is misplaced.  First, none of the facts she states regarding service of the first complaint on an incorrect agent are in the record.  Second, the 120-day service-of-process deadline for the initial complaint is not at issue here; that complaint was dismissed, and no appeal was taken.  The relevant issue here is the expiration of the three-year statute of limitations for the negligence action, which we have addressed above.

¶16.   **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR.  McDONALD AND McCARTY, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**